# John J. Carter *v.* Producers & Refiners Oil Co., Ltd., et al., Appellants.

*Limited partnership—Sale of business—Injunction—Act of June 2, 1874.*

A preliminary injunction will be granted to restrain the managers of a limited partnership association, organized under the act of June 2, 1874, P. L. 271, from selling the entire business and property of the association without the consent of all the shareholders, at suit of one having a mere equity in the capital.

Argued Oct. 10, 1894. Appeal, No. 82, July T., 1894, by defendant, from decree of C. P. Crawford Co., May T., 1894, No. 1, granting preliminary injunction. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Bill for injunction to restrain managers of limited partnership association from selling business and property of company.

The court below stated the facts as follows :

"A partnership association entitled 'Producers Oil Company, Limited,' was formed on June 4, 1891, under the provisions of the act of June 2, 1874, P. L. 271, with a capital stock of $600,000, divided into shares of $10.00 each, of which capital complainant owns $3,000.

"The business to be conducted was stated in the articles of association to be : ' The producing, storing, buying, selling, piping and transporting of petroleum, crude and refined, and the products of petroleum, and the acquisition and holding of such property, real, personal or mixed, as may be necessary for these purposes or any of them, or incidental or auxiliary thereto.' The duration of the partnership was fixed at twenty years. The company has five managers.

"The company entered into the business of buying, selling and transporting oil in Allegheny and Washington counties, and, for the purpose of promoting the business of the company, constructed a pipe line from a portion of the Allegheny and Washington county oil field to Coraopolis, on the Ohio river.

"The business of the company not proving entirely satisfactory to the management, a plan was developed in connection with refiners of oil in Venango and Crawford counties, for the construction of a pipe line from Coraopolis to Titusville, via Reno and Oil City.

"To accomplish this undertaking, and for the other purposes stated in the articles of association, another partnership association was formed on the 13th day of May, 1892, called the ' Producers and Refiners Oil Company, Limited,' with a capital stock of $250,000, divided into shares of $100 each ; the duration of which association was fixed at twenty years from June 4, 1892.  Five managers of the association were chosen.

"Of the capital of the association last named the Producers Oil Company, Limited, contributed $170,000.  Substantially all of the capital of the Producers and Refiners Oil Company, Limited, was invested in right of way, pipe lines, tanks, telegraph lines, etc., necessary for the construction and operation of the pipe line referred to, from Coraopolis to Titusville.

"After the organization of the last named association, a

lease was executed to it by the Producers Oil Company, Limited, of the tanks and pipe lines of the latter company. J. W. Lee, George H. Torrey and A. D. Wood are managers in each of the associations.

"A corporation known as the United States Pipe Line Company has a system of pipe lines in operation from Oil City and Bradford to Wilkes-Barre. On Dec. 14, 1893, the board of managers of the Producers and Refiners Oil Company, Limited, at a meeting then held, adopted the following resolutions:

"'Resolved that, whereas a combination of the several independent pipe lines doing business in the Pennsylvania oil field in a single organization is highly desirable, therefore

"'Resolved, that the managers of this company will take into consideration at any time the question of uniting the several companies, in any feasible plan mutually satisfactory to all parties concerned.'

"And, on Jan. 27, 1894, at a meeting of the board of managers of the said association, another resolution was passed, reciting that of Dec. 14, 1893, and continuing as follows: 'Now, therefore, to carry out the purpose expressed in the above resolution, we hereby authorize the following proposition to be made to the United States Pipe Line Company, subject to confirmation by majority of number and right of interest of the members of the Producers and Refiners Oil Company, Limited, viz: The Producers and Refiners Oil Company, Limited, to sell to the United States Pipe Line Company all of the rights of way, pipe line, telegraph line, tankage, real estate, gas wells, etc., comprising all of the property owned by them, and used in and belonging to the business of transporting and storing oil, but not to include crude oil; for which the United States Pipe Line Company is to pay the Producers and Refiners Oil Company, Limited, in the stock of the United States Pipe Line Company the sum of $250,000; and also, as part of the consideration for the said sale, shall pay or secure to be paid, before the transfer of the property is made, all of the outstanding indebtedness of the said Producers and Refiners Oil Company, Limited. And the said United States Pipe Line Company, as a condition precedent to said sale, shall agree to extend its pipe line forthwith from Bradford, Pa., to Titusville, Pa., and to connect with the line of the Producers and Refiners Oil Com-

pany, Limited.   And the United States Pipe Line Company shall assume and carry out the existing contracts of the Producers and Refiners Oil Company, Limited, with certain refiners at Titusville, Oil City and Reno, Pa., as to the delivery of crude oil, storage and pipeage of the same.'

" This resolution was adopted by the managers present, four in number.

" The complainant sought to restrain the proposed sale of the property of the Producers and Refiners Oil Company, Limited, alleging that it was in violation of the articles of association of the said company, and prejudicial to his interest therein."

. The court—citing Bedford R. R. v. Bowser, 48 Pa. 29 ; Balliet v. Brown, 103 Pa. 546 ; 1 Morawetz on Corp. §§ 249, 513 ; Beach on Corp. § 357 ; Martin v. Ry., 14 Phila. 10 ; McCurdy v. Myers, 44 Pa. 535 ; Lauman v. R. R., 30 Pa. 42 ; Abbott v. Rubber Co., 33. Barb. 578 ; Sloan v. Moore, 37 Pa. 217 ; McNair v. Wilcox, 121 Pa. 437 ; Wallace v. Yeager, 4 Phila. 251 ; Taylor on Corp. §§ 226, 288 ; Hoole v. Ry., L. R. 3 Ch. Ap. 262 ; Dodge v. Woolsey, 18 Howard, 341 ; Peabody v. Flint, 6 Allen, 52 ; Gray v. Lewis, L. R. 8 Eq. 526 ; Green's Ultra Vires, 647 ; March v. Ry., 40 N. H. 548 ; Spelling, Ext. Rel. §§ 590, 760 ; Ry. v. Rushout, 10 E. L. & E. Rep. 72 ; Ryan v. Ry., 12 Randolph, 365, to the effect that directors are limited to the management and not the sale of the business— awarded a preliminary injunction and subsequently continued it until further order.

*Errors assigned* were above orders, quoting them.

*Roger Sherman, J. W. Lee* and *Clarence Walker* with him, for appellants.—Plaintiff, not being a subscriber to the capital of defendant company, and having never become the purchaser of any interest in its capital, cannot be elected to membership ; hence cannot, through the courts or otherwise, control his co-partners, or the managers they have chosen, in the conduct of the business committed by the law to their judgment and discretion : Acts of June 2, 1874, §§ 1, 4, 5, 6, 8, P. L. 271 ; June 25, 1885, § 4, P. L. 182 ; May 1, 1876, § 1, P. L. 89 ; Morawetz on Corp. §§ 281, 258, 259, 381, 383, 385 ; Angell & Ames on Corp. § 113 ; Green's Brice's Ultra Vires, 126 ;

Anderson's Law Dictionary, p. 974, 975 and 977; Hawes v. Oakland, 104 U. S. 450; Tindel v. Park, 154 Pa. 36; Tidewater Pipe Co., Ltd., v. Kitchenman, 108 Pa. 630; Satterfield v. Tidewater Pipe Co., Ltd., 12 W. N. 457; Karnes v. R. R., 4 Abbott's Pr. R., N. S. 106; Goodwin v. Hardy, 57 Maine, 143; Eliot v. Himrod, 108 Pa. 569–579.

The association had power to adopt to reasonable and lawful by-laws, or rules, for the government of its internal affairs and details of business, both by express provision of and implication from the act of 1874, and by the general rules of law applicable to corporations and similar bodies: Lindley on Part. 566; Peacock v. Chambers, 46 Pa. 435; Tidewater Pipe Co. v. Kitchenman, 108 Pa. 630; Satterfield v. Tidewater Pipe Co., 12 W. N. 457; Patterson v. Tidewater Pipe Co., 12 W. N. 452; Story on Part. § 123; Ins. Co. v. Perrine, 7 W. & S. 348; Logan v. McNaugher, 88 Pa. 103; Phila. Savings Institution, 1 Whart. 460–468; Diligent Fire Co. v. Com., 75 Pa. 291; Wolf v. Goddard, 9 Watts, 544; Angell & Ames on Corp. § 342.

The proposed sale was not ultra vires: Act of June 2, 1874, § 1, P. L. 271; Story on Part. §§ 94, 101, 123; Angell & Ames on Corp. §§ 187, 190, 193, 194; Corporation of St. Mary's Church, 7 S. & R. 517; Com. v. Lancaster, 5 Watts, 152; Green's Brice's Ultra Vires, pp. 65, 66, 69, 91; Reynolds v. Stark Co., 5 Ohio, 205; Barry v. Bank, 1 Sand. Ch. N. Y. 280; Brady v. Mayor, 1 Barb. 585; Brown v. Winnisimmet Co., 12 Allen, 326; Lyndeborough Glass Co. v. Mass. Glass Co., 111 Mass. 315; Morawetz on Corporations, §§ 164, 241, 387; Burton's Ap., 57 Pa. 218; Gravestine's Ap., 49 Pa. 310; Layng v. French Spring Co., Ltd., 149 Pa. 308; Patterson v. Tidewater Pipe Co., Ltd., 12 W. N. 452; Dana v. Bank, 5 W. & S. 223–243.

*A. Leo Weil* and *Jas. H. Reed, Pearson Church, Samuel Grumbine, Geo. F. Davenport* and *P. C. Knox*, with them, for appellee.—This is an attempted consolidation and ultra vires: 1 Beach on Corp. §§ 326, 353; Black v. Canal Co., 24 N. J. Eq. 455; Small v. Minneapolis Electro-Matrix Co., 45 Minn. 264; Knoxville v. R. R., 22 Fed. R. 763; Drew's Case, 16 L. T. R. 657; Assurance Co., 30 L. J. (N. S.) 137; Mowrey v.

R. R., 4 Bissel, 78 ; Clearwater v. Meredith, 1 Wal. 40 ; Nugent v. Supervisors, 19 Wal. 248 ; Lauman v. R. R., 30 Pa. 42.

Treating the transaction as a sale it is ultra vires : Abbott v. American Hard Rubber Co., 33 Barb. 578 ; Buford v. Packet Co., 3 Mo. Ap. 159 ; Balliet v. Brown, 103 Pa. 554 ; Easum v. Brewing Co., 51 Fed. R. 156 ; Kean v. Johnson, 9 N. J. Eq. 401 ; R. R. Co. v. Bowser, 48 Pa. 30 ; Zabriskie v. R. R., 18 N. J. Eq. 178 ; Cass v. Steel Co., 9 Fed. R. 640 ; McCurdy v. Myers, 44 Pa. 535 ; People v. Ballard, 134 N. Y. 269 ; Lauman v. R. R., 30 Pa. 46 ; Nashua & L. R. R. v. R. R., 27 Fed. R. 826 ; Martin v. Ry., 14 Phila. 10 ; Rollins v. Clay, 33 Me. 139 ; 1 Collier on Part. § 214 ; 2 Beach on Corp. § 910 ; Patterson v. Tidewater Pipe Line Co., 12 W. N. 452 ; Coal Co. v. Rodgers, 108 Pa. 151 ; Stevens v. Base Ball Club, 142 Pa. 61 ; Jennings's Ap., 16 Atl. R. 19 ; s. c. 2 Mona. 184 ; King v. Faber, 22 Pa. 25 ; Clarke v. R. R., 136 Pa. 408 ; McNair v. Wilcox, 121 Pa. 442 ; Wallace v. Yeager, 4 Phila. 252 ; 1 Lindley on Part. 316 ; Hewitt v. Sturdevant, 4 B. Mon. 453 ; Cayton v. Hardy, 27 Mo. 536 ; Blaker v. Sands, 29 Kan. 557 ; 1 Bates on Part. § 404 ; Drake v. Thyng, 27 Ark. 228 ; Loeb v. Pierpoint & Tuttle, 58 Iowa, 469 ; Kimball v. Ins. Co., 8 Bosworth, (N. Y.) 495 ; Kirby v. Ingersoll, Harrington Ch. (Mich.) 172.

As an investment of the capital of the Producers and Refiners' Oil Company, Limited, in stock of the United States Pipe Line Company, the proposed transaction is ultra vires : 1 Cook on Stockholders, § 64 ; McMillan v. Mining Co., 12 Phila. 404 ; Roberts's Ap., 92 Pa. 407 ; Clay v. Carter, 16 W. N. 385 ; Natusch v. Irving, 1 Lindley on Part. (Ewell's ed.) *601 ; Boston etc. R. R. v. R. R., 13 R. I. 260 ; Taylor v. Earle, 8 Hun, 1 ; Chicago Gas Trust Case, 130 Ill. 268 ; Frothingham v. Barney, 6 Hun, 366 ; Ashbury Co., Ltd., v. Riche, L. R. 7 H. L. 653 ; State v. Concord R. R., 59 N. H. 85 ; 1 Morawetz on Corp. §§ 431, 492, 496 ; Wood on Railways, § 174 ; Ry. v. Allerton, 18 Wallace, 233 ; Blatchford v. Ross, 54 Barb. 43 ; Diligent Fire Co. v. Com., 75 Pa. 296 ; Wright v. Oroville Co., 40 Cal. 27 ; Langolf v. Seiberlitch, 2 Pars. Eq. Cas. 76 ; Robinson v. Smith, 3 Paige Ch. 222 ; March v. R. R., 40 N. H. 548 ; Ryan v. Ry., 21 Kan. 365 ; Heath v. R. R., 8 Blatchford, 347 ; Ry. v. Rushout, 5 De G. & S. 290 ; Hawes v. Oakland, 104 U. S. 460 ; Kellogg Bridge Co. v. United States, 15 Ct., Cl. 111 ;

Regan v. Trust Co., 154 U. S. 362; Simonton v. McLain, 37 La. 663.

Even with the consent of a majority of stockholders, the company cannot dispose of its property and invest its capital in the stock of the United States Pipe Line Company, and any shareholder may interfere to prevent this.

PER CURIAM, Oct. 22, 1894:

The only subjects of complaint in this case are, granting the preliminary injunction, and afterwards continuing the same " until further order of court."

The very able and ingenious arguments of the learned counsel for appellants on the questions presented by the record, followed by a careful consideration of those questions, have failed to convince us that there has, been, thus far, any error that calls for our intervention.

In the class of cases to which this belongs, we purposely abstain from any extended comment on the merits of the case, for the reason that, in its subsequent development, as it progresses to final decree in the court below, some of the questions that may now appear to have an important bearing on the final result may be eliminated, and others may arise.

The decree continuing the preliminary injunction is affirmed and the appeal dismissed with costs to be paid by appellants.