# Davis et al., Appellants, *v.* Porch Bros., Inc.

*Appeal—Equity—Practice — Preliminary injunction — Dissolution—Dismissal of bill not asked for by defendant.*

1. A decree dissolving a preliminary injunction will be sustained on appeal, where it appears that there were reasonable grounds for the action of the court below.

2. The dismissal of a bill in equity, not asked for by defendant, before an answer has been filed, is wholly irregular, and will be reversed on appeal.

Argued September 28, 1920. Appeal, No. 148, Oct. T., 1920, by plaintiffs, from decree of C. P. Cambria Co., Sept. T., Equity D., 1920, dissolving preliminary injunction and dismissing bill in equity in case of J. A. Davis

and William Whitney, copartners, trading as "The Franklin" v. Porch Bros., Incorporated. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Reversed in part.

Bill in equity for injunction to restrain possessory proceedings and cancel lease. Before O'CONNOR, J.

The opinion of the Supreme Court states the case.

The court dissolved the preliminary injunction previously granted and on its own motion dismissed the bill. Plaintiff appealed.

*Errors assigned* were, inter alia, decrees, quoting record.

*William A. McGuire,* for appellant.

*Frank P. Barnhart,* for appellee.

PER CURIAM, December 31, 1920:

This appeal is from the dissolution of a preliminary injunction and from the dismissal at the same time by the court, of its own motion, of plaintiffs' bill before answer had been filed. The appeal from the decree as to the first is dismissed, as there were reasonable grounds for the action of the court below: Hoffman v. Howell, 242 Pa. 112; Deal v. Erie Coal & Coke Company, 246 Pa. 552. The dismissal of the bill, not even asked for by counsel for defendant, before an answer had been filed, was wholly irregular, and the action of the court in dismissing it must be reversed.

The decree dismissing the bill is reversed and it is reinstated with a procedendo, the costs below and on this appeal to be disposed of on final decree.