Dozor Agency *v.* Rosenberg, Appellant.

238

Argued January 9, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*David Kanner,* with him *James Meneses, F. D. Hennessey,* and *Paul R. Sand,* for appellants.

*Jack Brian,* with him *Robert L. Wilson,* and *Berman, Richard & Brian,* for appellee.

OPINION BY MR. JUSTICE BELL, April 17, 1961:

Each defendant appealed from the Order of the lower Court which dismissed their respective preliminary objections. The lower Court, after hearing, entered a preliminary injunction, but strange to say the appeals were taken only from the Orders which overruled the preliminary objections. The appeals raised a narrow question of jurisdiction—(1) did the lower Court lack jurisdiction because of want of an indispensable party, and (2) because Equity had no jurisdiction of the com-

plaint since jurisdiction lay by statute solely and exclusively in the Insurance Commissioner of Pennsylvania.

Plaintiff, which is a Pennsylvania corporation engaged in selling insurance, filed a complaint in equity against Rosenberg and World Mutual Health & Accident Insurance Co. of Pa., hereinafter referred to as "World". Plaintiff's material averments may be thus summarized:

Rosenberg was employed by plaintiff as a sub-agent in 1951; he was thereafter promoted to sales manager and later to president of the company. In these capacities he occupied a position of trust and confidence and had access to all the records of plaintiff. When Rosenberg resigned from the plaintiff company in May, 1960, he secretly took from the files and possession of the plaintiff certain of its confidential records and data, including names, premium dates and amounts, and pertinent information concerning the active policyholders to whom plaintiff had sold insurance. These constituted a very valuable asset of plaintiff.

Plaintiff also averred that these records and information were taken not only for Rosenberg's own benefit, but also for the benefit of the other defendant, World; that Rosenberg's conduct was made known to World, but that World acquiesced in and encouraged Rosenberg's course of conduct and knowingly received, accepted and made use of the confidential information, property and records of plaintiff for its own benefit and to the detriment of plaintiff. These averments were sufficient to justify a preliminary injunction against both Rosenberg and World, although the injunction was issued only against Rosenberg: *Robinson Electronic Supervisory Co. v. Johnson,* 397 Pa. 268, 154 A. 2d 494; *Morgan's Home Equipment Corp. v. Martucci,* 390 Pa. 618, 136 A. 2d 838; *Macbeth-Evans Glass Co. v. Schnelbach,* 239 Pa. 76, 86 A. 688; Restate-

ment, Torts, §757, comment b; Restatement (2d), Agency, §396(b).

The list of policyholders and premium notices contained the names of customers who were also policyholders of the Fidelity Interstate Life Insurance Company, for whom plaintiff was a general agent. Fidelity was not, but defendants contend should have been joined as a party plaintiff. Plaintiff contends on the other hand that any damage which would result to Fidelity would be separate and distinct from the fraudulent appropriation and misuse of its property as well as the damage to plaintiff's property rights.

No question of defendants' right to appeal was raised by the parties, but "It is never too late to question a court's jurisdiction of the subject matter: Fowler v. Eddy, 110 Pa. 117, 1 A. 789; . . .": *Bell Appeal,* 396 Pa. 592, 597, 152 A. 2d 731. The grant or refusal of a preliminary injunction is appealable: *Slott v. Plastic Fabricators, Inc.,* 402 Pa. 433, 167 A. 2d 306; *Lindenfelser v. Lindenfelser,* 385 Pa. 342, 123 A. 2d 626. However, generally speaking, an Order overruling preliminary objections is interlocutory and not appealable: *Grosso v. Englert,* 381 Pa. 351, 113 A. 2d 250. That general rule is, however, subject to the exception that if a question of jurisdiction is involved that question is appealable under the Act of March 5, 1925:* *Gardner v. Allegheny County,* 382 Pa. 88, 114 A. 2d 491; *Powell v. Shepard,* 381 Pa. 405, 113 A. 2d 261.

In *Gardner v. Allegheny County* the Court said (pages 95-96) : "The question of indispensable parties raises a jurisdictional question and consequently may be considered under the Act of 1925: [citing cases]. In Fineman v. Cutler, 273 Pa., supra, the Court said (page 193) : ' "One must be joined who otherwise, not

---

* P. L. 23, 12 P.S. §672.

being bound by the decree, might assert a demand . . . which would be inequitable after the [principal defendants'] performance of a decree in favor of the plaintiff"; . . .'."

In *Powell v. Shepard*, 381 Pa., supra, the Court said (page 412) : ". . . The absence of indispensable parties 'goes absolutely to the jurisdiction, and without their presence the court can grant no relief': Hartley v. Langkamp and Elder, 243 Pa. 550, 556, 90 A. 402. . . . And, a party is indispensable where his rights are so connected with the claims of the litigants that no decree can be made between them without impairing such rights: Hartley v. Langkamp and Elder, supra."

For the reasons hereinabove set forth, we find no merit in defendants' contention that Fidelity Interstate Life Insurance Company was an indispensable party.

The principal contention made by defendants is that plaintiff's sole and *exclusive* jurisdiction for the unlawful or injurious conduct alleged in the complaint is in the Insurance Commissioner of Pennsylvania, under The Insurance Unfair Practices Act of June 5, 1947.* The Court further said in *Gardner v. Allegheny County*: " '. . . "The procedure prescribed by the Act of 1925 for testing jurisdiction 'in the court of first instance' applies to questions of jurisdiction either of the defendant or of the subject-matter: Welser v. Ealer, 317 Pa. 182, 184, 176 A. 429. . . ." . . .'.

"In Welser v. Ealer, 317 Pa., supra, this Court said (pages 183-184) : 'This case is before us by virtue of the provisions of the Act of 1925, P. L. 23, authorizing an appeal from the preliminary determination of the lower court's "jurisdiction over the defendant or of *the cause of action*** for which suit is brought." The action is in trespass to recover damages for injuries

---

* P. L. 445, 40 PS §1151.

** Italics throughout, ours.

resulting from an automobile accident. . . . Manifestly it has jurisdiction over the cause of action alleged in the statement, namely, trespass to recover damages for personal injuries. No other matters are open for inquiry in proceedings of this nature. Jurisdiction of the cause of action, as used in the statute, relates "solely to the competency of the *particular court* to determine controversies of the general class to which the case then presented for its consideration belongs": Skelton v. Lower Merion Twp., 298 Pa. 471, 473. See also Koontz v. Messer, 314 Pa. 434:' " We believe that defendants' contention that The Insurance Unfair Practices Act gives the Insurance Commissioner *exclusive* jurisdiction and ousts* all jurisdiction from Courts of Equity, raises a question of jurisdiction under the Act of 1925, although as we shall see there is no merit in this contention.

Under The Insurance Unfair Practices Act of 1947, the Insurance Commissioner is given authority to regulate the business of insurance and to define the acts, methods and practices of persons engaged in the business of insurance, which constitute unfair methods of competition and unfair or deceptive acts or practices; to make examinations thereof; to hold hearings; to make decisions as to whether there has been a violation of the Act; and to issue cease and desist orders. We are of the opinion that the Act was never intended to and *does not vest exclusive* jurisdiction in the Insurance Commissioner in cases such as the present and thus oust the jurisdiction of a Court of Equity which for many years has possessed and exercised jurisdiction in cases arising out of facts on all fours with the instant case. Moreover if there were any doubt on this point it would be removed by Section 10 of The Insurance

---

* For this reason *White v. Young*, 402 Pa. 61, 166 A. 2d 663, is distinguishable.

Unfair Practices Act, which provides: "The powers vested in the commissioner by this act, and the forfeiture provided for violation of an order to cease and desist made pursuant thereto, shall be *in addition* to any other procedures, penalties, fines or forfeitures authorized by law with respect to the methods, acts, and practices hereby declared to be unfair or deceptive."

Section 10 preserves all the procedures authorized by law and for this additional reason the Act did not destroy equitable jurisdiction in a case such as this.

We have considered all the contentions made by appellants but find no merit in any of them.

The Orders of the Court of Common Pleas are affirmed; costs to be paid by appellants.