## Hagy *v.* Premier Manufacturing Corporation, Appellant.

Argued May 23, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*David B. Buerger,* with him *Robert L. Frantz,* and *Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for appellant.

*T. W. Pomeroy, Jr.,* with him *Samuel K. McCune, Michael F. Butler,* and *Kirkpatrick, Pomeroy, Lockhart & Johnson,* for appellee.

OPINION BY MR. JUSTICE BELL, June 26, 1961:

This is an appeal from an Order granting a preliminary mandatory injunction to compel Defendant Corporation, appellant herein, to allow Plaintiff Hagy to examine, under all the facts and circumstances here present, all of its corporate records and documents.

### Motion to Quash

At the outset we are met with plaintiff's motion to quash this appeal on the ground that the Order entered by the Court below is not appealable. It is hornbook law that an order granting or refusing a prelim-

inary injunction is appealable: *Dozor Agency v. Rosenberg,* 403 Pa. 237, 240, 169 A. 2d 771. However, plaintiff argues that although he demanded a preliminary injunction at trial and the Court below issued one, the inspection of corporate records involved herein is really in the nature of "discovery" and hence unappealable. This position is untenable for two reasons.

First, the discovery provisions * of the Pennsylvania Rules of Civil Procedure allow only limited inspection. Rule 4007(a) requires that such discovery must be "relevant to the subject matter involved in the action." It requires no prolonged analysis to conclude that a demand "to examine any and all corporate records and documents" without regard to their relevancy as prayed for in plaintiff's complaint is not within the scope of this rule. Even more importantly, Rule 4011 provides: "No discovery or inspection shall be permitted which (a) is sought in bad faith; (b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party; . . ." Although this Rule has never been judicially interpreted in this connection, we agree with the textwriters** that discovery which would reveal confidential information or trade secrets to a competitor, as in this case, should not be allowed.

Secondly, the nature of the right which plaintiff seeks and which is given by §308B of the Business Corporation Law of May 5, 1933,*** is properly enforceable by the legal action of mandamus or as here by its equitable counterpart of mandatory injunction.

The demand for inspection of corporate records and documents was properly considered by the Court below

---

* Rules 4001-4025. See particularly Rules 4007(a), 4009, 4011-(a), (b).

** 5 Anderson, Pa. Civil Practice p. 270; Goodrich-Amram, Pa. Procedural Rules Service §4011(b)-1.

*** P. L. 364, 15 PS §2852-308B.

as a demand for a preliminary mandatory injunction —moreover, under the facts here present it is to all intents and purposes a final order—and the motion to quash is accordingly denied.

## Inspection of Corporate Records

We come now to the merits of the controversy. Plaintiff, a former president of defendant-corporation, is the owner of 44% of defendant's common stock. He brought a shareholder's derivative suit in equity against defendant-corporation, alleging (1) the sale of its products below cost; (2) violation of the Unfair Sales Act of August 11, 1941;* and (3) payment of expense accounts without adequate explanation. In his prayer for relief plaintiff seeks a permanent injunction to prevent future sales below cost and an accounting. Plaintiff also sought (a) a temporary injunction as to the sales below cost which the Court below denied and (b) the aforementioned preliminary mandatory injunction which was granted.

Defendant-corporation opposes the inspection of its records and documents by plaintiff on the ground that it is sought in bad faith and that plaintiff's real purpose and objective is to obtain and give to defendant's leading competitor plaintiff's confidential records and trade secrets. In support of this contention, defendant produced at the hearing an agreement between plaintiff and Journapak Corporation—a leading competitor of defendant—whereby (1) plaintiff agreed to sell his stock in defendant-corporation to Journapak; and (2) Journapak agreed to employ plaintiff at an annual salary of $25,000 for a period of five years.** Likewise

---

* P. L. 900, 73 PS §211 et seq.

** This agreement has been temporarily restrained by an Order of the United States District Court for the Northern District of Illinois, dated December 7, 1960.

defendant offered to prove, inter alia, that plaintiff had supplied Journapak Corporation—both before and after the termination of his employment with defendant—certain confidential information concerning defendant's costs, materials and supplies; that plaintiff had advised Journapak on how to compete most effectively with defendant; that plaintiff had solicited employees of defendant to go to work for Journapak; that an examination of defendant's books and records would be of great benefit to Journapak and of great and irreparable harm to defendant. Each and every one of these offers of proof were refused by the Court below as being "immaterial" under the existing case authority. This was reversible error.

While the modern cases have broadened the right of a shareholder to inspect corporate records, this right is neither absolute nor mandatory. It is under our law a limited right which is given for a reasonable purpose. The right is given and qualified by §308B of the Business Corporation Law, supra, which pertinently provides: "B. Every shareholder shall have a right to examine, in person or by agent or attorney, at any reasonable time or times, *for any reasonable purpose,** the share register, books or records of account, and records of the proceedings of the shareholders and directors, and make extracts therefrom."

The preceding provision is essentially a codification of the pre-existing common law. Illustrative of the common law is *Kuhbach v. Irving Cut Glass Co.,* 220 Pa. 427, 69 A. 981, where we said (pages 432-433):

". . . Of course, this right to examine the books, records and papers of the company must be exercised *in good faith* and at a proper time and place so as not to interfere with the business of the company. But subject to this limitation, the officers of the company

---

* Italics throughout, ours.

must permit the stockholder to investigate the company's affairs, and if they fail to do so on a *reasonable and proper demand,* the court will, on proper application, enforce the demand by mandamus.

"It is settled that at common law a stockholder of a trading corporation has a right to examine the books and papers of the company at a reasonable time and place, and for *a proper purpose. . . ."*

It is a well settled general rule that apparent mismanagement or misconduct by corporate officers provides a sufficient proper and reasonable purpose or objective for inspecting corporate records. However, where a lack of good faith or an improper or illegal or dishonest purpose or objective on the part of the shareholder is or can be shown by the corporation, the right of inspection must be denied. Such is the posture of the case at bar.

Moreover, the instant case is in reality another illustration of the well recognized principle that Equity will not lend its aid to a complainant unless he acts in good faith and for a reasonable purpose, and comes into Equity with clean hands; nor will Equity lend its aid to further an improper objective which will likely cause great detriment or irreparable harm to the other party.

Two cases are relied upon by the appellee—although factually distinguishable, they in principle support the appellant. In *Kuhbach v. Irving Cut Glass Co.,* 220 Pa., supra,—although we allowed inspection—we said (page 432) : "That the relator is a stockholder in a competing company is *of itself* not sufficient to deprive him of the relief he seeks in this proceeding against the defendant company. This has been distinctly ruled in Cobb v. Legarde, 129 Ala. 488. It is there said (p. 495) : 'The defendant set up in his answer that the petitioner's purpose in wanting to inspect the books was an improper one. This was defensive matter, and the bur-

den was on the defendant to show it, and we are not prepared to say that he has done so. The fact of petitioner being a stockholder in a rival concern and that he may thereby gain some advantage by an inspection of the books of the defendant company, does not necessarily show an improper purpose in making demand for inspection, and will not deprive him as a stockholder of his right of investigation into the management of the affairs of the company.' In the case at bar there is simply an averment, on belief, that the relator desires the information to use it for the advantage of a competing company. It is not alleged in the return that the averment can be supported by proof."

The difference between that case and the case at bar is at once discernible. In *Kuhbach* the corporation only *alleged* on belief that plaintiff was interested in a competitor while in the case at bar plaintiff-stockholder has made an agreement with defendant's leading competitor to sell his stock to competitor under an agreement in which the competitor agrees to employ plaintiff at a large salary for a period of five years and plaintiff, in violation of law, has supplied defendant's leading competitor, both before and after the termination of his employment with defendant, confidential information concerning trade secrets of defendant and has solicited defendant's employees to work for such competitor and advised the competitor how to compete most effectively with defendant.

*Hodder v. George Hogg Co.,* 223 Pa. 196, 72 A. 553, is likewise distinguishable on its facts. The Court limited its grant of inspection of the books of defendant and it further held "he [plaintiff] is prohibited from doing that which would amount to burdensome interference with the business of the company."

The present case is in many respects similar to *Dozar Agency v. Rosenberg,* 403 Pa. 237, 169 A. 2d 771. In that case this Court sustained an Order of the lower

Court which dismissed defendant's preliminary objections to plaintiff's complaint in equity. Plaintiff alleged that defendant had been employed as its sales manager and later its President, and when he resigned in May, 1960, he secretly took from the files of plaintiff certain of its confidential records and data including names, premium dates and amounts and pertinent information concerning the active policy holders to whom plaintiff had sold insurance. These obviously constituted a valuable asset of plaintiff. Defendant was restrained from making use of confidential information, property and records of plaintiff "for its own benefit and to the detriment of plaintiff. These averments were sufficient to justify a preliminary injunction against both . . . [defendant and another defendant for whose benefit the original defendant was using the confidential information above mentioned] . . .: Robinson Electronic Supervisory Co. v. Johnson et al., 397 Pa. 268, 154 A. 2d 494; Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618, 136 A. 2d 838; Macbeth-Evans Glass Co. v. Schnelbach, 239 Pa. 76, 86 A. 688; Restatement, Torts, §757, comment b; Restatement (2d), Agency, §396(b)."

In *Robinson Electronic Supervisory Co. v. Johnson,* 397 Pa., supra, the Court said (pages 271-272) : "The basis for the decision of the Court below is that an employer is entitled to protection against competitive use of information acquired by employees as a result of positions of trust: Morgan's Home Equipment Corp. v. Martucci, 390 Pa. 618, 136 A. 2d 838; Elliott Co. v. Skillcrafters, Inc., 271 Pa. 185, 114 A. 488; Macbeth-Evans Glass Company v. Schnelbach, 239 Pa. 76, 86 A. 688; American Ice Company v. Royal Petroleum Corp., 261 F. 2d 365.

"Macbeth-Evans Glass Company v. Schnelbach, supra, rules the instant case. In that case the Court said : 'It may now be accepted as settled law, under the

authority of English and American cases, that courts of equity if the facts warrant will restrain an employee from making disclosure or use of trade secrets communicated to him in course of a confidential employment. The character of the secrets, if they be peculiar and important to the business, is not material. They may be secrets of trade, or secrets of title, or secret processes of manufacture, or any other secrets important to the business of the employer. . . . It is likewise true that other persons who induce such disclosures by an employee, knowing of his contract not to disclose, or knowing that the disclosure is in violation of the confidence reposed in him by his employer, will be enjoined from making use of the information so obtained.' "

These cases involve a similar principle to the question raised in the case at bar and in principle rule this case. It would be anomalous to hold that equity will restrain a former employee or former president from obtaining or making use of confidential information or trade secrets of his previous employer for defendant's own benefit and to the detriment of plaintiff, yet hold that if defendant owned or bought one share of stock of plaintiff he would qua shareholder be entitled in equity to obtain confidential information and trade secrets of his former employer and use the same for defendant's own benefit and to the detriment of plaintiff. Moreover, as we have seen, §308B of the Business Corporation Law, supra, limits and restricts the right of a shareholder to examine certain books and records only for "any reasonable purpose"; and Rule 4011, supra, provides that "no discovery or inspection shall be permitted which is sought in bad faith". The Business Corporation Law, the Pa. Rules of Civil Procedure, and the equitable principle enunciated by the cases hereinabove quoted and cited, make it clear that Equity should not grant inspection and examination of

records where the complaining shareholder's demand for an examination of defendant's book or records is used for the unreasonable purposes and objectives which are apparent from the present record.

## Equity Jurisdiction

There is one other matter which deserves discussion. Defendant-corporation argues in the alternative that since inspection of corporate records is normally enforced by mandamus, a legal remedy, equity has no jurisdiction. This contention has no merit since plaintiff's shareholder's suit for an accounting and for an injunction to prevent the sale of goods below cost is properly brought in equity. In *Milasinovich v. The Serbian Progressive Club*, 369 Pa. 26, 84 A. 2d 571, the Court, quoting with approval from *Mower v. Mower*, 367 Pa. 325, 80 A. 2d 856, said (page 32) : " '. . . A court of chancery, having jurisdiction for one purpose, will retain it for all purposes and do complete justice as between the parties even though it adjudicates questions which in the first instance would not have warranted the court in assuming jurisdiction: Johnston et al. v. Price et al., 172 Pa. 427, 33 A. 688; Bowman v. Gum, Inc., et al., 327 Pa. 403, 193 A. 271.' "

Order reversed and record remanded for proceedings consistent with this Opinion. Costs to be paid by appellee.

Mr. Chief Justice JONES dissents.