Allegheny County, Appellant, *v.* Milk Control Commission.

Argued October 8, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Maurice Louik,* County Solicitor, with him *Thomas M. Rutter, Jr., Harold Gondelman,* and *Livingstone M. Johnson,* Assistant County Solicitors, for Allegheny County, appellant.

*Marion K. Finkelhor,* Second Assistant City Solicitor, with him *David W. Craig,* City Solicitor, for City of Pittsburgh, appellant.

*William D. Morgan,* Assistant Attorney General, and *Walter E. Alessandroni,* Attorney General, for Milk Control Commission, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 16, 1965:

County of Allegheny appeals from the order of court denying the prayer of its complaint in equity, seeking relief in the form of a preliminary injunction and a permanent injunction thereafter. The basis for the county's complaint is that it did not have an adequate remedy at law and that if the Milk Control Commission's official general order were permitted to

go into effect as scheduled, immediate and irreparable harm would result.

In January, 1964, the Milk Control Commission held public hearings in Pittsburgh,[1] petitions having been filed by a number of associations of milk producers and dealers in Western Pennsylvania, for the purpose of taking testimony relative to minimum prices to be paid to producers and minimum prices to be charged to consumers for various types of milk and milk products.

The complaint[2] avers that the county participated in the hearings, making statements, offering testimony and attempted to cross-examine witnesses. The main thrust of the complaint is that the manner in which the hearings were conducted denied the plaintiff the fundamental right of due process and equal protection of laws as guaranteed by the Constitutions of Pennsylvania and the United States for the reason that all interested persons were not given reasonable opportunity to be heard and, more specifically, the plaintiff was denied the right to conduct proper and intelligent cross-examination relative to an exhibit of relevant and vital importance to the issue under consideration.[3]

---

[1] Pursuant to provisions of the Milk Control Law of April 28, 1937, P. L. 417, as amended, 31 P.S. Sec. 700j-801 et seq., for the purpose of establishing prices for the Greater Pittsburgh Milk Marketing Area, designated by the Milk Control Commission as Milk Marketing Area No. 2.

[2] The record consists only of the Complaint and the Order of Court.

[3] This exhibit, according to the Complaint, [Para. 10]: ". . . purported to be a composite statement of profit and loss of twelve (12) milk dealers operating in the Pittsburgh Milk Marketing Area". . . . [Para. 12] "The said so-called composite statement was allegedly compiled from the books and records of the aforesaid twelve (12) dairies by a certified public accountant who had made several 'adjustments', the result of which was to show apparent net losses in the composite statement of profit and loss".

The Milk Control Commission issued its order on July 23, 1964, effective August 1, 1964, the effect of which, according to the complaint, would be to increase the price of milk to consumers in the Pittsburgh Milk Marketing Area. The plaintiff filed its complaint on July 28, 1964. The court made the following order: "And Now, to wit, at a conference duly held in Chambers this 30th day of July, 1964, upon due consideration of the matters set forth in the Bill in Equity filed in this case, the Court is unanimously of the opinion that the plaintiff in this case has an adequate remedy at law, and therefore, denies the prayer of the Complaint."

Allegheny County appealed[4] assigning as error (1) the manner in which the hearings were conducted as not conforming to fundamental requirements of due process of law and (2) the denial of the prayer of the complaint for injunctive relief without a formal hearing, on the grounds of the existence of an adequate remedy at law, when no answer was filed to the complaint.

In view of our determination of this case, we do not reach the merits nor could we in the present state of the record. While the court did not dismiss the complaint, it did make a definitive order. We believe this should not have been done in the absence of a hearing, answer or proper motions filed and opportunity for the parties to be heard. The procedure was irregular, requiring the case to be remanded for consideration consistent with proper procedure. *Davis v. Porch Bros., Inc.,* 268 Pa. 376, 112 A. 32 (1920); *Swainbank v. Yoder,* 79 Pa. Superior Ct. 132 (1922.).

---

[4] The City of Pittsburgh requested and we granted permission to join the County of Allegheny in this appeal. The City of Pittsburgh had actively participated in the hearings.

26

Remanded for further proceedings.   Costs to abide determination of the case.

Mr. Justice ROBERTS dissents.