## Commonwealth *v.* Schall, et al.

Argued October 31, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Robert S. Adler,* Special Assistant Attorney General, with him *Joel Weisberg,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellant.

*Allen N. Brunwasser,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, November 30, 1972:

The narrow and novel issue raised in this appeal is whether the lower court erred in refusing to grant the Commonwealth an evidentiary hearing on its motion for preliminary injunction filed incident to its commencement of litigation by a complaint in equity.

The order appealed from is one which passes upon preliminary objections filed by defendants and which directs the case to be assigned for hearing on the merits after the pleadings have been closed. The refusal to conduct a hearing on plaintiff's motion for a preliminary injunction is found in the opinion supporting the order appealed from, in which the court states: "With

respect to whether a preliminary injunction should be granted, the statute authorizes the grant of 'temporary or permanent injunction.' The statute is silent on the question whether there is to be in every case an opportunity for the plaintiff to proceed by way of a request for preliminary injunction. Preliminary injunctions are properly regarded by the law as potent weapons, to be reserved for only those cases where there is present a risk of immediate and irreparable injury. R. C. P. 1531. We do not believe that the allegations of the complaint in this case would justify a preliminary injunction, and so we will not have a hearing on that issue."

On February 7, 1972, the Commonwealth filed its complaint in equity in the Court of Common Pleas of Allegheny County alleging the defendants, in operating a business as Peoples Service Gas Heating Company, to be in violation of the Unfair Trade Practices and Consumer Protection Law and the Home Improvement Finance Act.[1] Numerous specific and detailed violations are charged. Hearing on the Commonwealth's motion for preliminary injunction was originally set for February 17, 1972, but after defendants filed multiple preliminary objections the hearing was continued to March 13, 1972. On this later date, the motion judge of the month, notwithstanding that plaintiff was ready to proceed to hearing with a number of witnesses present, conducted a conference in chambers including informal argument on the preliminary objections. As a result of that conference, we learn from the court opinion subsequently filed that as a "matter of orderly procedure the court ought first to give consideration to the numerous preliminary objections . . . and that if

---

[1] Act of December 17, 1968, P. L.      (Act No. 387), 73 P.S. §201-1 et seq. and Act of August 14, 1963, P. L. 1082, 73 P.S. §500-101 et seq.

there were to be a hearing, it should be held under such circumstances that it could proceed without the constant interruption that is inflicted upon all but the shortest hearings that are conducted by the motions judge." However, as we also learn from that opinion, the court refused to afford the Commonwealth any hearing on its motion for preliminary injunction.

While disappointed that an evidentiary hearing did not take place on the second date for which it was scheduled, the Commonwealth, in recognition of the myriad responsibilities of the motion judge, does not take exception to the fact that it was not heard as scheduled. It does, however, insist that it has a right to such a hearing where, as here, the complaint in equity pleads numerous and specific violations of the statutory law of Pennsylvania.

A second issue raised and argued at length by both parties is whether at such a hearing the Commonwealth must prove irreparable harm and other elements normally associated with the granting of a preliminary injunction. *See Pennsylvania Public Utility Commission v. Israel,* 356 Pa. 400, 52 A. 2d 317 (1947). We need not reach this issue in light of our disposition of this appeal.

In refusing to grant plaintiff a hearing on its application for a preliminary injunction, did the lower court err as a matter of law? The question appears to be one of first impression in Pennsylvania, as neither counsel has submitted any case authority on point nor has our research disclosed any.

In deciding this issue we are guided by the well-established principle that trial courts are afforded a broad discretion in the granting or refusal of a preliminary injunction *after hearing* and will be reversed only if such discretion is clearly abused or if the court committed a palpable legal error. *Stander v. Kelley,*

432 Pa. 1, 246 A. 2d 649 (1968); *Westinghouse Electric Corporation v. United Electrical, Radio & Machine Workers of America (CIO) Local 601*, 353 Pa. 446, 46 A. 2d 16 (1946). Historically, the relief the Commonwealth seeks has been afforded by equity and is now sanctioned by the Legislature as a procedure for the enforcement of a host of statutes, particularly those in the environmental and consumer protection fields. Thus, a request for an evidentiary hearing on an application for preliminary injunction cannot be lightly refused. We hesitate to lay down any hard and fast rule on this subject, for much depends upon the sufficiency and particularity of the underlying complaint in equity, the need for the temporary relief sought and numerous other imponderables associated with temporary injunctions and other forms of extraordinary relief found in our judicial system. We shall not, therefore, declare as a matter of law that in all instances a hearing must be afforded to a plaintiff in equity seeking a preliminary injunction. In the instant case, however, the record discloses no valid reason for the trial court's refusal to grant the Commonwealth a hearing on its motion for preliminary injunction. As before noted, whether or not the Commonwealth must prove immediate and irreparable harm we need not decide in this appeal. It may well be that if the trial court required such proof the Commonwealth was prepared to prove the same. However, it was given neither that opportunity nor the opportunity to appeal from a specific ruling on the subject incident to an evidentiary hearing.

To the extent that the order appealed from denied to the Commonwealth a hearing on its motion for a preliminary injunction, the same is hereby reversed, and the case is remanded for prompt hearing upon the Commonwealth's motion for preliminary injunction or,

alternatively, for prompt hearing on the substantive merits of the case.