## Ginsburg v. Redmond Finishing Company, Inc.

*John A. Hiscott*, for plaintiff.
*Howard M. Spizer*, for defendant.

THOMSON, *J.*, June 22, 1978—Plaintiff Ginsburg is a 49 percent shareholder of defendant Redmond Finishing Company, Inc. Plaintiff has applied for an injunction against defendant to allow inspection of the books and records of defendant corporation, pursuant to a written demand made by plaintiff on defendant for such inspection, which has been attached to the application filed. This demand was denied by letter from the plant

manager of defendant, one Steven Sommers, dated April 19, 1978, this being the day after such demand was served on defendant. Defendant filed an answer to plaintiff's application, wherein it stated it would not object to granting plaintiff the right to inspect the share register and minute book of defendant, but that it would object to allowing plaintiff to inspect and make extracts of the other items requested, being records relating to production of goods and materials for 1977 and 1978, contracts of defendant relating to sale or purchase of assets, raw materials and sale production of goods and materials for 1976 and 1977, books and records relating to attempts to resolve or compromise corporate tax liens, and books and records showing dividends declared or paid for 1977 and 1978. This matter has now been briefed and argued, and is before the court for determination.

Plaintiff, in his memorandum of law, submitted to the court, has placed reliance upon section 308 of the Business Corporation Law of May 5, 1933, P.L. 364, as amended July 20, 1968, P.L. 459, 15 P.S. §1308, which provides in relevant part: "The court may *summarily* (emphasis plaintiff's) order the corporation to permit the shareholder to inspect the share register and the other books and records of the corporation . . . " The question as to the meaning of this section of the Business Corporation Law has apparently not as yet been addressed by the Pennsylvania appellate courts. However, in the case of Hagy v. Premier Manufacturing Corporation, 404 Pa. 330, 172 A. 2d 283 (1961), the Supreme Court held that it was clear that the right of inspection of corporate records could be enforced either by mandamus, or by its equitable counterpart of mandatory injunction.

We feel that the use of the word "summarily" in the 1968 amendment of the statute was significant, and leads to the conclusion that equity is a proper remedy to permit a shareholder to inspect the books and records of a corporation. Defendant has furnished no other explanation or interpretation of this statute. In fact, the brief submitted by defendant is essentially silent as to this issue. Hence, it is our ruling that the application for an injunction is proper under existing Pennsylvania law.

We are then left with the question, having decided that the application for an injunction is a proper means to seek the relief requested, as to whether plaintiff is making application for a proper purpose.

As to this point we feel that plaintiff's discussion is highly persuasive as to propriety of purpose. We do not find defendant's contention of impropriety in plaintiff's attempting to determine the wisdom of bringing a lawsuit supported either by law or logic. The language of cases such as Kuhbach v. Irving Cut Glass Company, 220 Pa. 427, 69 Atl. 981 (1908), and Hodder v. George Hogg Company, 223 Pa. 196, 72 Atl. 553 (1909), militates against defendant's position in this matter.

Defendant would have plaintiff act at his peril and be able to anticipate the contents of documents he has not had the opportunity to inspect. The court will not impose this requirement, as we feel plaintiff has been sufficiently specific in his request to support the granting of the relief prayed for. We find the position of defendant that plaintiff is seeking only to vex and harass defendant not to be well-supported. This is not similar to a case where a very small minority shareholder seeks to vex a large publicly-held corporation by a frivolous request for

inspection. Plaintiff here is a 49 percent shareholder of defendant, and the only other shareholder is a corporate entity which owns the remaining stock. We feel, under the circumstances, that plaintiff's request is entirely proper, and that defendant has shown no evidence that it is for an improper purpose, or that it will inconvenience or disrupt the daily activities of the defendant. Therefore, we issue the following

## ORDER

And now, June 22, 1978, plaintiff's application for a mandatory injunction to permit inspection by plaintiff or his agent of the books and records of defendant requested in plaintiff's application is hereby granted, jurisdiction of this matter to be retained by the court until such inspection is complete.