410 A.2d 860

**Donald BOYD and Priscilla Boyd, his wife, Appellants,**

**v.**

**John B. COOPER and Charlene Cooper, his wife.**

Superior Court of Pennsylvania.

Argued June 7, 1979.

Filed Sept. 21, 1979.

Ronald J. Karasek, Bangor, for appellants.

Stanley P. Ticktin, Stroudsburg, for appellees.

Before PRICE, GATES * and DOWLING,* JJ.

GATES, Judge:

This is an appeal from a final order of the Court of Common Pleas of Monroe County denying appellants' motion for a preliminary injunction.

On or about February 15, 1978 appellants and appellees entered into an agreement with Gerald A. Pozniak to purchase all the shares of stock and, thereupon, own and

* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

manage a pizza restaurant business known as the Village Pizzeria and Restaurant, Inc. located in Mt. Pocono, Monroe County, Pennsylvania. Appellants and appellees became equal and sole shareholders as well as the sole officers and directors of the corporation.

From 1976 the appellees leased and operated a golf course and restaurant known as Pine Hollow Golf Center located in Canadensis, Monroe County, Pennsylvania approximately ten miles from the Village Pizzeria and Restaurant.

After appellants and appellees took over the operation of the Village Pizzeria the parties began to quarrel and, in May 1978, appellees left the active management of Village Pizzeria and devoted their total time to operating the Pine Hollow Golf Center and Restaurant. Appellees resigned as officers and directors of Village Pizzeria and Restaurant.

On August 31, 1978 appellants filed a motion in equity seeking a preliminary injunction to prevent appellees from manufacturing or selling pizza or pizza related items at the Pine Hollow Golf Center and Restaurant pending the outcome of the equitable action instituted by appellants averring that the conduct of the pizzeria business at the golf center and restaurant was without the permission or consent of the appellants and was in derogation of the appellants' rights and the appellees' duties as co-tenants and co-officers and directors of Village Pizzeria and Restaurant, Inc.

At the time of the hearing on the preliminary injunction on November 13, 1978, the appellants acknowledged that they had already instituted a trespass action seeking damages for tortious interference with business relationships against the appellees. After listening to arguments of counsel, the Chancellor granted appellees' motion to dismiss the application for a preliminary injunction on the ground that appellants have an adequate remedy at law which they were pursuing. The Chancellor noted that there were no fact issues and, therefore, no necessity for taking testimony. This appeal followed.

 The scope of appellate review of the refusal to enter a preliminary injunction is limited to determining if there are any reasonable grounds for the action of the lower court. *Safeguard Mutual Insurance Co. v. Williams*, 463 Pa. 567, 345 A.2d 664 (1975). However, the issue on the present appeal is not whether the court erred in refusing to enter an injunction, but whether the court erred in refusing to accord appellants an evidentiary hearing on their injunction request. On reviewing the pleadings and the sparse record before the Chancellor we believe he erred in refusing to accord appellants an evidentiary hearing on their injunction request.

 Contrary to the conclusion that no written covenant not to compete existed, the appellees' request for injunctive relief was based upon an alleged breach of the fiduciary duty owed by officers, directors, employees or stockholders of a corporation. Thus, where such a person acquires information in confidence and adopts or uses it for his own private benefit and personal profit to the exclusion and detriment of the corporation, he may be enjoined at the instance of the corporation and he may be required to account to the corporation for any profits derived therefrom as well as be subject to liability for damages sustained as a result of such breach of his fiduciary duties.

 The record discloses that the appellants filed a motion for the preliminary injunction on August 31, 1978 and the initial hearing was continued in an effort to effect an amicable settlement. It is set forth in the appellees' brief that they resigned as officers and directors of the corporation on September 6, 1978 and the abbreviated hearing was held on November 13, 1978. Nonetheless, under appropriate circumstances, a corporation may obtain injunctive or other appropriate relief against the abuse or misuse of confidential or inside information by a former officer or employee. Vol. 3 *Fletcher Cyclopedia Corporations*, Ch. 11, Sec. 857.1. Thus we conclude that the trial judge erred in not completing its scheduled hearing on appellants' request for the purpose of developing a factual basis for the requested relief.

Therefore we reverse and remand for a proper hearing on the injunction requested.

PRICE, J., files a concurring opinion.

PRICE, Judge, concurring:

I agree with the majority that the court erred in denying appellants' request for an injunction absent a hearing.

First, I would note that appellants' request for an injunction was brought under a theory that appellees were improperly competing with a business enterprise in which they served as corporate officers and directors. Such a theory of usurpation of a corporate opportunity is founded upon appellees' fiduciary duties flowing from their corporate positions, see Act of May 5, 1933, P.L. 364, art. IV, § 408, *as amended*, 15 P.S. § 1408 (Supp.1979–80); *Lutherland, Inc. v. Dahlen*, 357 Pa. 143, 53 A.2d 143 (1947), and a breach of these duties will support an action for injunctive relief.[1] Unfortunately, at the November 13, 1978 hearing on the injunction request, the basis for appellants' suit became obfuscated and the trial court denied the request upon being informed by counsel for both parties that appellees had not signed a written covenant not to compete and had instituted a separate trespass action for conversion of corporate property and tortious interference with the corporate enterprise. The court denied the requested injunction, terminated the hearing without permitting appellants to call any witnesses and ruled that appellants had an adequate remedy at law.

1. *Cf. Render v. Federation Credit Union Local No. 89*, 411 Pa. 625, 192 A.2d 679, *cert. denied*, 375 U.S. 952, 84 S.Ct. 442, 11 L.Ed.2d 312 (1963) (officers enjoined from enforcing policies contrary to statute under which credit union formed); *Hagy v. Premier Manufacturing Corp.*, 404 Pa. 330, 172 A.2d 283 (1961) (injunction to compel corporation to permit shareholder to exercise statutory right to inspect corporate records); *Dozor Agency v. Rosenberg*, 403 Pa. 237, 169 A.2d 771 (1961) (injunction to restrain former officer from divulging corporate secrets); *Weisbecker v. Hosiery Patents, Inc.*, 356 Pa. 244, 51 A.2d 811 (1947) (majority shareholders may be enjoined from using power to exclude minority shareholders); *Carter v. Producers & Refiners Oil Co.*, 164 Pa. 463, 30 A. 391 (1894) (injunction granted to restrain managers of limited partnership from selling business without consent of all shareholders).

A request for a preliminary injunction may be granted after a proper hearing if the plaintiff's right of recovery is clear, the need for relief is imminent, and the injury that will be suffered if the request is denied is irreparable. *See, e. g., Township of South Fayette v. Commonwealth*, 477 Pa. 574, 385 A.2d 344 (1978); *Safeguard Mutual Ins. Co. v. Williams*, 463 Pa. 567, 345 A.2d 664 (1975); *Keystone Guild, Inc. v. Pappas*, 399 Pa. 46, 159 A.2d 681 (1960). However, if the threatened injury is not imminent or is not permanent and irreparable and the plaintiff has available an adequate remedy at law, then the injunction request will be refused. *See, e. g., Credit Alliance Corp. v. Philadelphia Minit-Man Car Wash Corp.*, 450 Pa. 367, 301 A.2d 816 (1973); *Safeguard Mutual Ins. Co. v. Williams, supra.*

In the instant case appellants allege a violation by appellees of their fiduciary duties, the inadequacy of a legal remedy, and the suffering of irreparable harm. The determination whether the injunction is needed to prevent irreparable harm and whether appellants have available an adequate legal remedy cannot, in the instant case, be made absent an evidentiary hearing.[2] Indeed, in *Allegheny County v. Milk Control Commission*, 417 Pa. 22, 207 A.2d 838 (1965), the supreme court held that the issue of the adequacy of an available legal remedy is one that should be addressed in an evidentiary hearing. The trial court's conclusion in that case that such a remedy was available absent such a hearing was held improper, and the case was remanded for reconsideration consistent with the proper procedure. *See Commonwealth v. Schall*, 6 Pa.Cmwlth. 578, 297 A.2d 190 (1972); *cf. Pubusky v. D. M. F. Inc.*, 428 Pa. 461, 239 A.2d 335 (1968) (injunction vacated when granted pursuant to improper procedure).

**2.** The conducting of such a hearing would not have proven unduly burdensome in the instant case. The date for such a hearing had been set, and appellants were present and presumably ready to give testimony regarding the relevant issues. It is only when appellees' counsel made an oral motion to dismiss at the outset of the hearing and the court became enmeshed in the issue as to the existence of a written covenant not to compete that the court dismissed the injunction request without any witnesses being called.

Instantly, the trial court made a similar determination as to the availability of an adequate remedy at law, without the benefit of an evidentiary hearing, based solely upon the pendency of another action by appellants for conversion and tortious interference with appellants' business. However, the fact that appellants may have instituted a separate action for monetary damages does not establish that equitable relief is not required. The actions and remedies are not mutually exclusive, and may be brought in conjunction. In fact, a juxtaposition of the two remedies may be beneficial in protecting the legal remedy. *Bateman v. Ford Motor Co.*, 302 F.2d 63 (3d Cir. 1962); *Binenstock Trust*, 410 Pa. 425, 190 A.2d 288 (1963). Therefore, the mere pendency of an analogous proceeding on the law side of the court does not establish that appellants are not in need of the remedies available in an equity proceeding.

Finally, I feel compelled to comment on the standard of review employed by the majority. I agree with the majority that "appellate review of the refusal to enter a preliminary injunction is limited to determining whether there are any reasonable grounds for the action of the lower court." (Slip opn. at 3). However, the issue on appeal is not whether the court erred in refusing to enter an injunction, but whether the court erred in refusing to accord appellants an evidentiary hearing on their injunction request. The sparse precedents suggest that the proper standard of review is much less stringent, *cf. Allegheny County v. Milk Control Commission, supra*; *Commonwealth v. Schall, supra*, and that a hearing should not be denied if there are any factual disputes. I would conclude that because appellants' request claimed a breach by appellees of their fiduciary duties, asserted irreparable harm and the absence of an adequate remedy at law, and because these criteria could not be determined absent additional evidence of some form, the trial court erred in not completing its scheduled hearing on appellants' request.[3]

3. An additional issue that has not been raised by either party or the trial court is the standing of appellants to present the instant suit in

their individual capacity. Generally, the usurpation of a corporate opportunity is a wrong against the corporate entity and must be brought by the corporation on its own behalf. A shareholder may bring a derivative action only after a formal request and refusal by corporate management to pursue the suit as a corporate cause of action. An exception exists, however, when such a request would have been a futile gesture as a result of the involvement by corporate management in the wrong committed to the corporate entity. *See Evans v. Diamond Alkali Co.*, 315 Pa. 335, 172 A. 678 (1934); 13 Fletcher Cyc. Corp. § 5945 (1970).

In the instant case, the injunction request was not filed until August 31, 1978, and appellees did not resign as corporate directors until September 6, 1978. Therefore, a request by appellants to the corporation's directors to authorize the suit probably would have been a futile gesture since appellants and appellees were the only directors. Thus, appellants presentation of the suit in their individual capacities is apparently proper and is within the "futile gesture" exception mentioned above.