493 A.2d 785

**George S. HACKETT, Appellant,**

**v.**

**David E. SICKLE and Judith I. Sickle, Appellees.**

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed May 31, 1985.

28

Cletus P. Lyman, Philadelphia, for appellant.

Charles H. Saylor, Sunbury, for appellees.

Before WIEAND, WATKINS and GEISZ,* JJ.

PER CURIAM:

When this action in equity came before the chancellor for trial, he received no evidence. Instead, the chancellor entered an order which summarily dismissed the complaint. The plaintiff appealed. We reverse and remand for further proceedings.

George Hackett commenced an action to enjoin his neighbors, David and Judith Sickle, from using the sewer lateral on Hackett's land to carry Sickle sewage to the public sewer line in Market Street, Sunbury. The Sickles filed an answer

---

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

and counterclaim in which they alleged that they had an easement, either by grant or prescription, to use the lateral line which, in any event, encroached upon their land. Hackett moved to amend his complaint to include a claim for damages, which the court denied.[1] The Sickles filed a motion for summary judgment, which the trial court did not decide.[2]

When the case was called for trial, no evidence was received. Instead, the trial court asked plaintiff's counsel to make an offer of proof. After an offer of proof had been made, the chancellor dismissed the complaint. In support of his order, the chancellor subsequently prepared an opinion in which he said that it "appears" that Hackett's sewer lateral encroaches upon Sickles' land and that, therefore, Hackett's cause of action is barred by the doctrine of "unclean hands."

In our effort to understand this unorthodox procedure, we have concluded that the chancellor's order must be treated as an order entering summary judgment. A summary judgment, however, was clearly improper. The averments of Hackett's complaint were sufficient to state a cause of action, and the responsive pleading filed by the Sickles demonstrated the existence of disputed facts material to the rights of the parties in and to the sewer lateral. Not the least of the disputed factual issues was the precise location of the lateral sewer line. The record does not support the chancellor's summary finding that the sewer lateral encroached upon appellee's land. Moreover, the chancellor's refusal to hear and adjudicate appellant's cause of action because he believed that at some point the line encroached upon appellee's land was an incorrect application of the clean hands doctrine.

The procedure adopted by the trial court was wholly irregular, and its action dismissing the complaint prior to

1. This was an abuse of discretion. Upon remand, the amendment should be allowed.

2. The chancellor has specifically stated that he did not decide the motion for summary judgment.

trial and without receiving evidence must be reversed. See: *Allegheny County v. Milk Control Commission*, 417 Pa. 22, 207 A.2d 838 (1965); *Swainbank v. Yoder*, 79 Pa.Super. 132 (1922). See also: 18 P.L.E. Injunction § 89 (1959).

Reversed and remanded for proceedings consistent with the foregoing opinion. Jurisdiction is not retained.