71 N.J. Super. 221 (1961)
176 A.2d 524
RETAIL CLERKS WELFARE FUND, LOCAL NO. 1049, AFLCIO, AN UNINCORPORATED TRUST FUND, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
CONTINENTAL CASUALTY COMPANY, A STOCK COMPANY OF THE STATE OF INDIANA, DULY LICENSED AS AN INSURANCE COMPANY IN THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1961.
Decided December 21, 1961.
*222 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. Richard P. Weitzman argued the cause for appellant and cross-respondent (Messrs. Parsonnet, Weitzman & Oransky, attorneys).
Mr. Nicholas Scalera argued the cause for respondent and cross-appellant (Mr. George D. McLaughlin, attorney).
The opinion of the court was delivered by SULLIVAN, J.A.D.
Plaintiff is an unincorporated trust fund set up as an adjunct to a labor union for the purpose of providing certain welfare benefits to eligible employees. *223 From 1947 to 1959 plaintiff contracted with defendant insurance company for accident and health group coverage for such employees and paid premiums called for by the insurance contracts.
In the instant suit the plaintiff charges that during the years in question defendant had followed the practice of granting experience refunds to plaintiff and to holders of similar group insurance policies. However, plaintiff charged that defendant had improperly, unfairly and illegally calculated the experience refund due plaintiff from the date of inception of its group insurance policies, and had discriminated in its rebates based on the experience refund as between plaintiff and other policyholders covering insureds of the same class and of essentially the same risks and hazards to the defendant, in violation of law and contract.
Defendant, in its answer, admitted issuing the policies in question, but denied the balance of the allegations of the complaint, and by way of separate defense, inter alia, pleaded that plaintiff failed to state a claim upon which relief could be granted.
After issue joined, plaintiff served three sets of interrogatories upon defendant, the first of which was answered, but supplemental interrogatories (1) and supplemental interrogatories (2) were stricken by court order.
Thereafter defendant moved for an order dismissing the complaint and for summary judgment in favor of defendant upon the ground that the complaint failed to state a claim upon which relief could be granted.
The trial court denied the motion to dismiss, holding that the complaint stated a cause of action, but granted defendant's motion for summary judgment on the ground that there was "no genuine issue of fact."
Plaintiff appeals from that part of the ruling which granted a summary judgment in favor of defendant, and also appeals from the order striking its supplemental interrogatories (2). Defendant cross-appeals from that part *224 of the trial court's ruling which denied defendant's motion to dismiss the complaint.
A proper consideration of this matter requires that the cross-appeal be considered first.
We hold that the complaint does not state a cause of action upon which relief may be granted by civil action. Plaintiff concedes that the policies issued to it by defendant make no provision for experience refunds, and plaintiff does not contend that defendant is under an obligation to issue any refunds whatsoever. Nor does plaintiff claim that in the absence of statutory prohibition, discrimination in the making of refunds between insureds of the same class is illegal. Cf. 29 Am. Jur., Insurance, § 60, § 506; 44 C.J.S., Insurance, § 342. The theory of plaintiff's cause of action is that once defendant determined to issue experience refunds to its policyholders, it was prohibited by N.J.S.A. 17:29B-4(7)(b) from discriminating against New Jersey policyholders. In other words, plaintiff contends that the provisions of N.J.S.A. 17:29B are incorporated by reference into its contract of insurance with defendant and give plaintiff a cause of action for breach of contract which it otherwise would not have.
The pertinent provisions of N.J.S.A. 17:29B are as follows:
Section 1. "The purpose of this act is to regulate trade practices in the business of insurance * * *."
Section 3. "No person shall engage in this State in any trade practice which is defined in this act as or determined pursuant to this act to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."
Section 4. "The following are hereby defined as unfair methods of competition and unfair and deceptive acts or practices in the business of insurance:

* * * * * * * *
(7) Unfair discrimination * * *

* * * * * * * *
(b) Making or permitting any unfair discrimination between individuals of the same class and of essentially the same hazard in the amount of premium, policy fees, or rates charged for any policy or contract of accident or health insurance or in the benefits payable *225 thereunder, or in any of the terms or conditions of such contract, or in any other manner whatever."
We do not construe N.J.S.A. 17:29B as being incorporated into contracts of insurance written in this State and thereby creating a cause of civil action for breach of contract for the individual policyholder. It is a statute defining and prohibiting certain abuses in the insurance business and empowering the Commissioner of Banking and Insurance of this State to deal with them.
When the Commissioner finds that any of these abuses is being practiced in this State he may issue a cease and desist order, or may apply to the Superior Court for injunctive relief. Violation of a cease and desist order subjects the violator to the forfeiture and payment to the State of New Jersey of a penalty not exceeding $5,000 for each violation which may be recovered in a civil action.
N.J.S.A. 17:29B is a penal statute. Marter v. Repp, 80 N.J.L. 530 (Sup. Ct. 1910), affirmed 82 N.J.L. 531 (E. & A. 1911). Therefore it must be strictly construed, Rybasack v. The Travelers Insurance Co., 15 N.J. Misc. 266, 190 A. 308 (Sup. Ct. 1937), and in the absence of express remedial provisions therein, none may be implied. Cf. Cohen v. Prudential Ins. Co., 58 N.J. Super. 37, 52 (Ch. Div. 1959).
There are certain statutory provisions which, by express legislative direction, must be included in group accident and health policies issued or delivered in this State. N.J.S.A. 17:38-15 et seq. Had the legislative intent been that the provisions of N.J.S.A. 17:29B be included in insurance policies issued or delivered in this State it would have so provided.
Moreover, the subject matter of N.J.S.A. 17:29B, which is the regulation of trade practices in the business of insurance, by its very nature, deals with a wrong to the public rather than to the individual. Cf. 50 Am. Jur., Statutes, § 16, p. 34. As was said in Zuest v. Ingra, 134 N.J.L. 15, 18 (E. & A. 1946):
*226 "The test of a penal law seems to be: Is the wrong sought to be redressed a wrong to the public or to the individual? Huntington v. Attrill, 146 U.S. 657, 668; [13 S.Ct. 244] 36 L.Ed. 1123. To overcharge or profiteer in the face of an Act of the Congress forbidding it, during a time of national peril, is assuredly a public wrong. True it is done against the interests of an individual but that fact does not make it a private wrong. All public wrongs are done at the expense of one or a multitude of individuals."
It is clear that N.J.S.A. 17:29B was enacted to prohibit wrongs to the public and, in the absence of a specific provision therefor, does not give rise to individual or private causes of action. Plaintiff's grievance should be presented to the Commissioner of Banking and Insurance for appropriate action.
Since the conclusion is that the complaint does not state a cause of action upon which relief may be granted, it becomes unnecessary to consider the other issues argued on this appeal.
Affirmed. No costs.