## Lawrence G. Chait & Company, Inc., v. Republican State Committee

*John H. Beam,* for plaintiff.

*Hurwitz, Klein, Meyers & Benjamin,* for defendants.

SHELLEY, J., August 12, 1963.—This matter comes before us on a motion of the above-named individual defendants for a protective order against their oral examination by plaintiff for the purposes of discovery and for use as evidence in the above action proposed to be taken by plaintiff pursuant to written notice served on their counsel.

Plaintiff instituted an action in assumpsit against the above-named defendants wherein it seeks to recover for advertising and promotional services. The basis for the action is an alleged oral "client-agency contractual relationship" contract.

The complaint avers:

"25. All services performed by plaintiff were performed at the specific instance and request of and accepted by Defendant Republican State Committee by its duly authorized officers and agents, Defendants George I. Bloom, William M. Donovan, William Keisling and Phillip T. Sharples."

The individual defendants have filed objections (1) in the nature of a demurrer, on the basis that the complaint fails to aver any prima facie individual responsibility of the individual defendants for the alleged serv-

ices rendered; (2) raising a question of jurisdiction over the individual defendants because of improper service upon them; and (3) a motion for a more specific complaint.

There was endorsed on the preliminary objections a notice to plead, but no answer has as yet been filed to the preliminary objections. Thereupon, despite the outstanding undetermined preliminary objections, plaintiff served notice on defendants' counsel requiring defendants to submit to oral examination for the purposes of discovery and for use as evidence in this action or for both purposes:

". . . on all matters not privileged, which are relevant and material to the issues and subject matter involved in the pending action, including but not limited to the facts of the contract, events leading up thereto and to transactions and negotiations between the parties to the said action. . . ."

Upon receipt of this notice the individual defendants filed their motion for a protective order to which an answer has been filed and is presently before us for determination.

Plaintiff filed the notice for the oral examination of the four individual defendants pursuant to Rule 4007-(a) of the Pennsylvania Rules of Civil Procedure which provides:

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleading or the preparation or trial of the case."

In their motion for a protective order, the individual defendants assigned as reasons (1) that because William M. Donovan, William Keisling and Phillip T. Sharples were not properly served and made a party to this action, this court has no jurisdiction over the said defendants and no legal authority exists for the taking of their depositions in the matter herein sought; (2) that no depositions or discovery proceeding should be had on the merits until the preliminary objections in the nature of demurrer have been disposed of; and (3) that because of the preliminary objections filed by them may result in the dismissal of plaintiff's action against them, the taking of depositions by plaintiff at this time constitutes an undue burden and annoyance and an unreasonable expense to the defendants.

The basis for defendants' motion is Pa. R. C. P. 4011, which provides that:

"No discovery or inspection shall be permitted which . . . (b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party; . . ."

Defendants rely on Deans v. Pollock-Timblin Co., Inc., 14 D. & C. 2d 455 (1958), and Dussell v. Kaufman Construction Co., Inc., 10 D. & C. 2d 505 (1957), both of which hold in substance that a defendant will not be compelled to answer interrogatories filed by the plaintiff before preliminary objections to the complaint are disposed of.

Plaintiff calls to our attention Frantz v. Erickson, 11 Cumb. 95 (1960), which holds that discovery proceedings, at a time when preliminary objections in the nature of a demurrer have been filed, are not premature. The reason for the rule in the Frantz case was the long adopted practice of the court of permitting plaintiff to file an amended complaint before final dismissal of any action on a demurrer. With respect to the demurrer

herein under consideration, we are inclined to agree with the ruling in the Deans and Dussell cases.

Defendants not only ask us in their preliminary objections to dismiss the complaint for failure to plead a cause of action against defendants, but have likewise asked us to strike the return of service made upon defendants, William M. Donovan, William Keisling, and Phillip T. Sharples because they were not properly served pursuant to Pa. R. C. P. 1009 and that, therefore the return of the service as made on them is void as a matter of law.

Our disposition of the question of jurisdiction is appealable under the Act of March 5, 1925, P. L. 23, 12 PS §672. While the practice under Rule 1017(b)(1) is designed to replace the practice under the Act of 1925, the right to appeal under the act is expressly preserved: Pa. R. C. P. 1451(b)(7); Dozor Agency v. Rosenberg, 403 Pa. 237, 240 (1961).

It would, therefore, seem to be an unreasonable annoyance to the three defendants last above-named to require them to take time away from their affairs and subject themselves to detailed examination to help plaintiff in the preparation of a case that, as a result of the preliminary objections now pending and awaiting determination, may be dismissed and never come to trial.

The basic test to be applied in ruling upon plaintiff's request to require defendants to submit to oral examination for purposes of discovery is whether the request will substantially aid in the preparation of the pleadings or the preparation or trial of the case as provided by Pa. R. C. P. 4007(a). A plaintiff under this rule may secure discovery (1) to aid in the preparation of his pleadings, or (2) to aid in the preparation for trial of the case. Plaintiff cannot contend that the request which it filed was for the purpose of aiding it in the preparation of its complaint, since its complaint has

already been filed and served, and it would seem inherent in the portion of the rule permitting discovery to "aid in the . . . preparation or trial of the case," that the case must be at issue. As we view the matter, therefore, plaintiff's request was filed too late to "aid in the preparation of the pleadings" and too early to "aid in the . . . preparation or trial of the case." Our conclusion is in accord with the views of the editors of Goodrich-Amram, §4005(a)-5:

"If no interrogatories are needed in connection with the pleadings, but interrogatories are to be served to get information to aid in the preparation of the case for trial, they will be postponed until the pleading stage of the action is over."

While our ruling in this matter as it refers to jurisdiction relates only to the three defendants, William M. Donovan, William Keisling and Phillip T. Sharples, it would serve no useful purpose at this time to require the other individual defendant, George I. Bloom, to submit to oral examination, for the matter of the demurrer is still undisposed of.

For the foregoing reasons, we make the following

## Order

And now, August 12, 1963, plaintiff's motion to compel defendants to submit to oral examination for the purposes of discovery and for use as evidence in this action, or for both purposes, is dismissed.

## Dissenting Opinion

MILLER, J., August 12, 1963.—I respectfully dissent from the majority's conclusion which denies plaintiff the right to take the oral deposition of the defendant Bloom. While this defendant, along with the others, has filed preliminary objections to the complaint in the nature of a demurrer and a motion for more specific complaint, he has not raised any question of jurisdic-

tion. I do not feel that such outstanding preliminary objections should bar the taking of Bloom's deposition. At the time of argument, plaintiff's counsel frankly stated that he has pleaded all of the facts known and available to him and his client; therefore, he cannot assess the merit of these preliminary objections until he has an opportunity to depose the individual defendants and determine the exact nature of their relationship with the defendant Republican State Committee and the part each of them played in the transaction which gives rise to this assumpsit action. Plaintiff's counsel further indicated at argument that only after the taking of such depositions would he be able to determine whether his complaint should be amended to meet the preliminary objections, or whether he should proceed with the complaint as drawn. Thus, as a practical matter, plaintiff should be accorded the right to depose defendant Bloom, because this "will substantially aid [the plaintiff] in the preparation of the pleadings . . .": Pa. R. C. P. 4007(a). This may well produce the salutary effect of expediting the litigation by removing the ground for defendants' preliminary objections.

Conversely, refusal of discovery at this time appears to be only delaying the inevitable since it is likely that, if Bloom's demurrer is sustained, plaintiff would nevertheless be accorded the right to amend its complaint, as to him, bringing us within the conclusion reached by the Cumberland County court in Frantz v. Erickson, 11 Cumb. 95 (1960). The language of President Judge Shughart in that case seems most apposite (p. 97):

"Defendants also contend that discovery in this instance is premature, because preliminary objections in the nature of a demurrer have been filed. It is true that if the demurrer were sustained the taking of the deposition would be unnecessary. On the other hand, this court has long adopted the practice of permitting the plaintiff to file an amended complaint before final dis-

missal of any action on a demurrer. *Therefore, if the demurrer were sustained, the depositions might be required to aid him in the preparation of the amended complaint. If the demurrer is overruled, the fact that depositions were taken previously will expedite the litigation.*" (Italics supplied.)

The majority relies on Dussell v. Kaufman Construction Co., Inc., 10 D. & C. 2d 505 (1957), and Deans v. Pollock-Timblin Co., Inc., 14 D. & C. 2d 455 (1958). Dussell, however, ignores the possibility that plaintiff would be permitted to amend after the sustaining of a demurrer, while Deans assumes, we think incorrectly, that no amendment would be made. This assumption is indicated in the following quotation from the Deans opinion (p. 456):

". . . If the demurrer is sustained, *and no amendment of the complaint is made,* the witness will not have been needlessly annoyed by being required to give a deposition that will never be used." (Italics supplied.)

Further, we have here an additional fact which apparently was not present in either the Dussell or Deans cases, viz., the admission of plaintiff's counsel that he is presently unable to determine the merit of defendant's preliminary objections, and his additional statement that he has pleaded all available facts and must depose defendant in order to determine the advisability of amending his complaint.

For the foregoing reasons, and also in view of this court's heretofore announced lenient attitude toward discovery (e. g., see Cloder v. Horvath, 27 D. & C. 2d 180 (1962)), I respectfully dissent from this portion of the majority's conclusion, and would instead grant plaintiff leave to take the oral deposition of defendant Bloom.

I concur with the majority's conclusion as to the depositions of the other defendants, Donovan, Keisling

and Sharples, but only for the reason that they have challenged the jurisdiction of the court, alleging defective service and that they are thus not properly befor the court and not parties to this action. If these defendants are not parties, the discovery rules do not accord plaintiff the right to depose them in this manner, and it is logical that the jurisdictional question should be determined before their depositions are ordered. However, if this jurisdictional issue should be resolved adversely to these defendants, then, for the reasons heretofore stated, I would accord plaintiff the right to take their depositions also. Thus, while I concur with the result reached by the majority in refusing the depositions of these defendants at this time, I must respectfully disagree with the other reasons advanced in support of such conclusion.