[Civ. No. 44439. Second Dist., Div. Two. Jan. 10, 1975.]

WILLIAM SHERNOFF et al., Petitioners, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
TITLE INSURANCE AND TRUST COMPANY et al.,
Real Parties in Interest.

## COUNSEL

Hafif & Shernoff, Alton H. Saxer, Stephen L. Odgers and Herbert Hafif for Petitioners.

No appearance for Respondent.

O'Melveny & Myers, Philip F. Westbrook, Jr., Charles W. Bender, Douglas L. Thorpe, John D. Dillow, Overton, Lyman & Prince, Carl J. Schuck, Samuel E. Ericsson, Bell, Boyd, Lloyd, Haddad & Burns, John T. Loughlin, John C. Christie, Jr., Gibson, Dunn & Crutcher, Richard H. Wolford, Paul G. Bower, Richard Chernick, Rutan & Tucker, Garvin F. Shallenberger, Richard A. Curnutt, Adams, Duque & Hazeltine, John H. Brinsley, William F. Davis, Hunton, Williams, Gay & Gibson, E. Milton Farley III, John Shenefield, B. Warwick Davenport, Booth, Mitchel,

Strange & Smith, Owen W. Strange, George De Lew, Milo V. Olson, Sheppard, Mullin, Richter & Hampton, Pierce T. Selwood, Garrison, Gregory, Herndon & Townsend, Philip J. Gregory, Orrick, Herrington, Rowley & Sutcliffe, William H. Orrick, Jr., William F. Alderman, Edward B. Towey and Mary Allen for Real Parties in Interest.

## OPINION

**FLEMING, Acting P. J.—**

Petitioners, plaintiffs in a class action for damages against numerous California title insurers on allegations of a conspiracy to fix title insurance rates, seek a writ of mandate to compel the superior court to dissolve a stay of proceedings issued in April 1973 several months after the filing of the complaint.

The superior court premised its stay on a theory of primary jurisdiction, a theory which assumed that for reasons of comity the Insurance Commissioner should. be given the first opportunity to act on the rate-fixing allegations. Simultaneously with the stay, the superior court overruled the title insurers' general demurrer, thereby rejecting their argument that because of petitioners' failure to exhaust administrative remedies the court lacked jurisdiction over the action. (*E. B. Ackerman Importing Co.* v. *City of Los Angeles,* 61 Cal.2d 595, 600 [39 Cal.Rptr. 726, 394 P.2d 566].) Thereafter in August 1973, petitioners submitted a formal complaint to the Insurance Commissioner charging rate-fixing by the title insurers.

In April 1974 the superior court renewed its stay pending a further review 150 days thence if the commissioner had not acted by that time: "Since the investigation by the Commissioner is in progress and actively being pursued, the stay of proceedings will continue until further order of the Court. The Court requests that if the Commission[er]'s investigation is not completed within 150 days of this order that a status report be filed with the Court in order to assist the Court in reviewing the advisability at that time, of entering the stay of these proceedings."

In July 1974 this court denied a writ of mandate to vacate the stay order, but in September 1974 the Supreme Court directed us to issue an alternative writ to consider vacation of the stay.

Thereafter in November 1974 the Insurance Commissioner informed the superior court that his department would not conduct a formal administrative hearing into the rate-fixing charges.

More than 150 days have elapsed since the last action of the superior court, the Insurance Commissioner has formally declined to initiate proceedings, and the professed justification for the superior court's stay

order has vanished. The stay, therefore, has outlived its usefulness. But the title insurers, real parties in interest, suggest its continuance on the ground that petitioners brought about Insurance Commissioner's inaction by failing to vigorously pursue their administrative remedy with him. However, the commissioner's letter to the superior court does not sustain this suggestion. The commissioner states that based on an "investigation, review and analysis of the allegations" of petitioners he "decided not to conduct a formal administrative hearing." The doctrine of primary jurisdiction does not permanently foreclose judicial action but rather it provides the appropriate administrative agency with an opportunity to act if it so chooses. At most, the commissioner's jurisdiction is "primary," not "exclusive," and in this instance he has chosen not to exercise it.

■ During oral argument real parties in interest for the first time in these writ proceedings sought to revive the issue of petitioners' failure to exhaust administrative remedies, arguing in effect that the commissioner possesses exclusive jurisdiction in the first instance over the subject matter of the lawsuit and that this court should in some manner require him to exercise it. But the doctrine of exhaustion of administrative remedies has no relevancy to the relief sought in this complaint. The commissioner's disciplinary authority is limited to restraint of future illegal conduct by real parties in interest, and he possesses no authority to enter money judgments for past injuries. This latter authority remains in the courts, and Insurance Code section 790.09, expressly reserves to litigants all civil and criminal remedies against persons who have violated the law: "No order to cease and desist issued under this article directed to any person or subsequent administrative or judicial proceeding to enforce the same shall in any way relieve or absolve such person from any . . . civil liability . . . under the laws of this State arising out of the methods, acts or practices found unfair or deceptive." Since petitioners' complaint seeks damages for past illegal conduct no reason presently exists why the action should not go forward.

Contentions comparable to those advanced by real parties in interest were made in *Greenberg* v. *Equitable Life Assur. Society,* 34 Cal.App.3d 994 [110 Cal.Rptr. 470], where respondents argued that: ". . . enforcement of Insurance Code section 790.03 is vested exclusively in the Insurance Commissioner so that a private litigant may not bring an action based upon a violation of the section; and (3) appellant failed to exhaust his administrative remedies before the Insurance Commissioner." (At p. 1000.)

In rejecting these arguments the court said: "While the Insurance Code in sections 790.04 through 790.08 provides for administrative enforcement of statutes governing insurance companies, including section 790.03, Insurance Code section 790.09 states in pertinent part: 'No order to cease and desist issued under this article directed to any person or subsequent administrative or judicial proceeding to enforce the same shall in any way relieve or absolve such person from any . . . civil liability . . . under the laws of this State arising out of the methods, acts or practices found unfair or deceptive.' *Section 790.09 thus contemplates a private suit to impose civil liability irrespective of governmental action against the insurer* for violation of a provision of the Insurance Code. The fair construction is that the person to whom the civil liability runs may enforce it by an appropriate action.

"Similar reasoning dictates the conclusion that appellant was not required to exhaust his administrative remedy before the Insurance Commissioner before filing the lawsuit which is the case at bench. Respondent concedes that the sole disciplinary authority of the commissioner would be to issue a cease and desist order or obtain an injunction to restrain the illegal conduct. Appellant's complaint seeks damages, and Insurance Code section 790.09 provides specifically that the commissioner's action cannot relieve or absolve the insurer from such a claim. *No rule of exhaustion of administrative remedies precludes prosecution of a civil claim without resort to an administrative procedure which is irrelevant to the claim.*" (Italics added.) (At pp. 1000-1001.)

In vacating the stay order, this court expresses no opinion on the propriety of the action as a class action, on the competency of plaintiffs to represent the class, on the suitability of their designation of the class, on the sufficiency of their notification to members of the class of the pendency of the action, and on the merits of the action itself. Patently, these matters are not before this court, but are reserved for the attention and resolution of the trial court. (*Eisen* v. *Carlisle & Jacquelin* (1974) 417 U.S. 156 [40 L.Ed.2d 732, 94 S.Ct. 2140].)

A writ will issue to compel the superior court to vacate its stay.

Compton, J., and Beach, J., concurred.