AMBASSADOR INSURANCE CORPORATION, a Vermont Corporation, Appellant, v. ROBERT B. FELDMAN and ALL-RISK INSURANCE AGENCY, INC., a Nevada Corporation, Respondents.

No. 9972

CLOVER UNDERWRITERS GENERAL AGENCY, a Nevada Corporation, and HARRY BRANDISE, Appellants, v. ROBERT B. FELDMAN and ALL-RISK INSURANCE AGENCY, INC., a Nevada Corporation, Respondents.

No. 9984

August 16, 1979                    598 P.2d 630

*Nitz, Schofield & Nitz,* Las Vegas, for Appellants.

*James R. Crockett, Jr.;* and *Laurence A. Speiser,* Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

Appellants filed suit against respondents seeking damages for defamation. Respondents moved the district court to dismiss the actions for lack of subject matter jurisdiction because (1) the insurance commissioner had exclusive jurisdiction of this matter and (2) appellants had failed to exhaust their administrative remedies. The district court granted the motions. We reverse.

During oral argument before this court respondents abandoned their exclusive jurisdiction contention and argued that the appellants were precluded from filing suit in the district court until they had exhausted their remedies before the insurance commissioner. This argument is without merit. The insurance commissioner is without authority to award damages caused by defamation; the commissioner's powers are limited to the regulation of insurance trade practices. NRS 686A.015. In order to enforce regulations the commissioner may seek injunctive relief from the courts or issue his own cease and desist orders. NRS 686A.170; NRS 686A.183; NRS 686A.187. Since the commissioner is powerless to grant the relief appellants seek in their suit, the doctrine of exhaustion of administrative remedies is not applicable. Ramos v. County of Madera, 484 P.2d 93, 97 (Cal. 1971); Shernoff v. Superior Court, 118 Cal.Rptr. 680 (Cal.App. 1975); Greenberg v. Equitable Life Assurance Society, 110 Cal.Rptr. 470, 475 (Cal.App. 1973).

All other contentions raised by the parties are without merit

and need not be addressed. The orders of the district court dismissing these actions for lack of jurisdiction are reversed and the cases remanded for further proceedings.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.