[Civ. No. 22652. Fourth Dist., Div. One. Sept. 18, 1981.]

DIANE LACHMAN et al., Plaintiffs and Appellants, v. CABRILLO PACIFIC UNIVERSITY et al., Defendants and Respondents.

942

COUNSEL

Isam C. Khoury and James F. Pokorny for Plaintiffs and Appellants.

Darvy Mack Cohan for Defendants and Respondents.

## OPINION

**STANIFORTH, J.**—The multiple (16) plaintiffs' (Privett) complaint alleged breach of contract and fraudulent misrepresentations made by the Cabrillo Pacific University (Cabrillo) by its agents to Privett and others as an inducement to enroll in the San Diego College of Business. The trial court sustained a general demurrer to Privett's pleadings for the announced reason of failure to exhaust administrative remedies before filing this lawsuit. The trial court dismissed the action and this appeal followed.

## DISCUSSION

For the purposes of these proceedings we assume to be true the facts properly pleaded in plaintiffs' complaint and amendments thereto. Privett and others sued Cabrillo, seeking injunctive relief and damages. The complaint alleged breach of contract, fraud, conspiracy to defraud, negligent misrepresentation, negligent hiring and a violation of Education Code section 94318, formerly section 29035, and sought rescission and restitution based on fraud, failure of consideration and mutual mistake of fact. The trial court sustained the demurrers and dismissed the proceeding based upon its interpretation of Education Code section 94332. The trial court held the sections provided an administrative remedy required to be exhausted before Privett was entitled to file this lawsuit.

■ The sole question presented by this appeal is whether Education Code sections 94321 and 94332 require these plaintiffs who seek money damages, and injunctive relief for fraud, and breach of contract against Cabrillo to "exhaust their administrative remedies" before commencement of their civil action against Cabrillo. Section 94321, subdivisions (a), (b), (c), (e) and (f), sets forth certain prohibited activities covering educational institutions. After an enumeration of the prohibited activities, section 94321 provides: "Any institution willfully violating any provisions of this section shall be unable to enforce any contract or agreement arising from the transaction in which the violation occurred, and it may be one of the grounds for losing the *approval* or authorization to operate in this state. *In addition, in the event of such violation, the institution shall refund to the student any tuition or fees that have*

*been collected from the student. The student shall be awarded, in addition to the foregoing, any damages sustained, and may be awarded treble damages in the discretion of the court.*

"The judgment rendered in any action maintained for the recovery of fees or damages sustained in accordance with the terms of this section or the judgment rendered in any action defended by a student, shall, if the student is the prevailing party, include court costs, including a reasonable attorney's fee fixed by the court." (Italics added.)

Clearly this section enumerates the activities prohibited to educational institutions of the type specified and gives a cause of action in a court of law to a party who has sustained damage as a result of the commission of any of the prohibited activities, together with the right to recover court costs, treble damages and attorney fees. Thus the plain explicit language of the statute indicates an intent that the right granted be adjudicated in a civil court rather than in an administrative hearing.

Nor does section 94332 support the trial court ruling. This section provides: "(1) Any person claiming damage or loss as a result of any act or practice by a postsecondary educational institution or its agent, or both, which is a violation of this chapter or of the rules and regulations promulgated hereunder, *may file* with the superintendent a verified complaint against such institution or against its agent, or both. The complaint shall set forth the alleged violation and shall contain such other information as may be required by the superintendent.

"(2) The superintendent shall investigate any such complaint and may, at his or her discretion, attempt to effectuate a settlement by persuasion and conciliation. The superintendent may consider a complaint after 10 days' written notice by registered mail, return receipt requested, to such institution or to such agent, or both, as appropriate.

"(3) *If,* upon all the evidence at a hearing, *the superintendent shall find that an institution or its agent, or both, has engaged in or is engaging in, any act or practice which violates the provisions of this chapter or the rules and regulations promulgated hereunder, the superintendent shall report such evidence to the Attorney General.* The superintendent may also, as appropriate, based on his or her own investigation or the evidence adduced at such hearing, or both, commence an action to revoke an institution's approval or authorization to operate or

an agent's permit." (Italics added.) Again, the plain language of the latter code section indicates that a person such as these plaintiffs *"may" file with the superintendent* a verified complaint against the institution or against its agent or both. This complaint is required to set forth the violations and contain other information as may be required by the superintendent. Subdivision (2) requires an investigation by the superintendent of such complaint and he may, in his discretion, attempt to effectuate a settlement by persuasion and conciliation, and (3) provides that if in the evidence at a hearing, the superintendent finds that the institution has engaged in violation of the provisions of the act then the superintendent may commence an action to revoke the institution's approval or authorization to operate.

Noticeably absent from this code section (as well as from § 94321) is any hint of an administrative process wherein the question of a plaintiff's right to damages may be adjudicated; nor does the language of this section in any way indicate that the filing of a complaint seeking the revocation of the institution's authorization to operate is a condition precedent to filing a complaint for damages for wrongs done under section 94321. Thus, the latter section clearly indicates the power in the Superintendent of Public Instruction to investigate, attempt to effectuate a settlement and report evidence to the Attorney General, and in a proper case to commence an action to revoke a license. Clearly the power of the superintendent to adjudicate and award damages for violations arising under the previous section is not present. That omission is significant. The California Supreme Court has held specifically (*Rosenfield* v. *Malcolm* (1967) 65 Cal.2d 559, 566 [55 Cal.Rptr. 505, 421 P.2d 697]): "This general investigative power does not rise to the dignity of an 'administrative remedy' which a party aggrieved by departmental action must exhaust before approaching the courts. Our courts have repeatedly held that the mere possession by some official body of a continuing supervisory or investigatory power does not itself suffice to afford an 'administrative remedy' unless the statute or regulation under which that power is exercised establishes clearly defined machinery for the submission, evaluation and resolution of complaints by aggrieved parties." Clearly the power of the superintendent of education under section 94332 does not affect a resolution of the claim for damages granted under section 94321.

In *Shernoff* v. *Superior Court* (1975) 44 Cal.App.3d 406 [118 Cal.Rptr. 680], the Court of Appeal held the doctrine of exhaustion of administrative remedies has no relevance to the damage relief sought in

the plaintiff's complaint since Insurance Commissioners' disciplinary authority was limited to restraint of future illegal conduct with no authority to enter a money judgment for past injuries; such authority remained in the court. This analysis parallels exactly the legal effect of section 94332 of the Education Code. The Superintendent of Public Instruction has no authority whatsoever to award the damages that plaintiffs here seek. As the *Shernoff* court said at page 410: "'No rule of exhaustion of administrative remedies precludes prosecution of a civil claim without resort to an administrative procedure which is irrelevant to the claim.'"

Cabrillo's reliance upon *Bénnett v. Borden, Inc.* (1976) 56 Cal.App. 3d 706 [128 Cal.Rptr. 627], is inapposite. In that case the scrutinized Fair Employment Practice Act did provide a remedy. The act authorized an aggrieved person to file a verified complaint and to conduct an investigation and "[i]f the commission finds that the employer has engaged in an unlawful labor practice, *it may issue an order requiring the complainant's reinstatement with or without back pay.* (Lab. Code, § 1426.)" (*Id.,* at p. 708; italics added.)

Similar procedures and authority in the superintendent of public schools is totally lacking. The doctrine of exhaustion of administrative remedies is wholly inapplicable; here no effective administrative remedy is available. (See *Bernstein v. Smutz* (1947) 83 Cal.App.2d 108, 115 [188 P.2d 48]; *Ramos v. Madera* (1971) 4 Cal.3d 685 [94 Cal.Rptr. 421, 484 P.2d 93].) The fact that injunctive relief was also sought does not vitiate the complaint for damages. (*Potrero Homes v. Western Orbis Co.* (1972) 28 Cal.App.3d 450, 456 [104 Cal.Rptr. 633] and cases cited.)

Judgment reversed.

Cologne, Acting P. J., and Wiener, J., concurred.