IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Prestige Design on Germantown LLC :
and Prestige Design and Construction :
LLC, : No. 245 C.D. 2022
          Appellants :
: Submitted: March 6, 2023
      v. :
:
City of Philadelphia :


BEFORE:
      HONORABLE PATRICIA A. McCULLOUGH, Judge
      HONORABLE ELLEN CEISLER, Judge
      HONORABLE LORI A. DUMAS, Judge

***OPINION NOT REPORTED***


MEMORANDUM OPINION
BY JUDGE McCULLOUGH                FILED: April 19, 2023


Prestige Design on Germantown, LLC and Prestige Design and Construction, LLC (collectively, Prestige) appeal from the March 9, 2022[1] order of the Court of Common Pleas of Philadelphia County (trial court), which denied Prestige's Motion for Preliminary Injunction and dismissed Prestige's Complaint. Upon review, we vacate and remand for further proceedings.

## I.    FACTS AND PROCEDURAL HISTORY

The relevant facts of this appeal stem from a procedural challenge to the public notice of Philadelphia City Council (City Council) Bill number 210667 (Bill).

---

[1] We note that the trial court's order states March 9, 2021; however, the order is timestamped March 9, 2022.

The Bill was introduced by the City Council on September 17, 2021, and referred to the Committee on Rules the same day. The Bill sought to amend Section 14-529 (Ordinance) of the Philadelphia Zoning Code[2] to prohibit or restrict certain height and density bonuses, including the mixed income housing bonus. (Reproduced Record (R.R.) at 55a-56a.)

On October 7, 2021, the City Council caused notice to be published in the Philadelphia Inquirer and the Legal Intelligencer notifying the public that the City Council's Committee on Rules was considering the Bill. The Bill was voted out of the Committee on Rules on October 26, 2021. A first reading took place on October 28, 2021, with a second reading on November 4, 2021. The City Council passed the Bill on November 4, 2021. On November 17, 2021, Mayor James Kenney signed the Bill into law and per its terms, the ordinance prohibiting or restricting certain height and density bonuses, including the Ordinance, went into effect immediately.

On December 1, 2021, Prestige entered into an agreement to purchase two adjoining parcels located at 2059 and 2061-63 Germantown Avenue (Germantown Properties). Prestige signed an agreement of sale for a third parcel at 1525 N. 7th Street on December 10, 2021 (1525 Property). The real estate closings took place on December 31, 2021, for the Germantown Properties and on January 12, 2022, for the 1525 Property. Prestige alleges that it conducted due diligence before the purchases and did not become aware of the Bill or the Ordinance. (R.R. at 11a-12a.)

Prestige submitted a zoning permit application to the Department of Licenses and Inspections (Department) on January 12, 2022, seeking to use the mixed income housing bonus. The Department informed Prestige that the bonus was no

---

[2] Phila., Pa. Zoning Code (2012), https://codelibrary.amlegal.com/codes/philadelphia (last visited April 18, 2023).

2

longer available due to the Ordinance and issued a refusal. Prestige did not appeal this refusal or seek a zoning variance.

On February 10, 2022, Prestige filed a Complaint in Equity (Complaint) against the City of Philadelphia (City), alleging inadequate and defective notice of the consideration and passage of the Bill, which removed Prestige's ability to develop the Germantown Properties and the 1525 Property with the mixed income bonus, and other property rights and due process violations. In its Complaint, Prestige sought permanent injunctive relief requiring the City to review Prestige's zoning application under the Zoning Code as it existed before the Ordinance was enacted. (R.R. at 15a.) Prestige also filed a Motion for Preliminary Injunction (Motion) on the same day. The City filed a response to the Motion on March 7, 2022.

On March 9, 2022, based solely on the filings and without any evidentiary hearing, the trial court denied the Motion and dismissed the Complaint because "the entirety of the relief sought in the Complaint is identical to the relief sought in the Motion." (R.R. at 177a.) In its Pa. R.A.P (Rule) 1925(a) Opinion, the trial court concluded that "Prestige's [Motion] and Complaint suffer from the same fatal defect – Prestige cannot establish a likelihood of success on the merits or a clear right to relief, as a matter of law. . . ." (Trial Ct. Rule 1925(a) Op. at 4.) The trial court determined that under Section 5571.1 of the Judicial Code, 42 Pa.C.S. § 5571.1, any appeal to the court of common pleas alleging a defect in the process or procedure regarding the enactment of an ordinance must be brought within 30 days of the effective date of the ordinance. Because Prestige did not file the Complaint within 30 days of November 17, 2021, the trial court concluded that the Complaint and Motion were untimely.

Subsequently, Prestige timely appealed to this Court.

3

## II.    ISSUES

On appeal,[3] Prestige raises two procedural issues: (1) whether the trial court erred in denying its Motion without a hearing and (2) whether the trial court erred in dismissing its Complaint.[4]

## III.    DISCUSSION

### A. Denying Prestige's Motion without a Hearing

Prestige first contends that the trial court erred by denying its Motion without an evidentiary hearing, which the trial court determined "would not aid in the resolution of the [purely legal] issues."  (Trial Ct. Rule 1925(a) Op. at 6.)  Prestige asserts that without being able to present any evidence, it could not prove irreparable harm, a necessary element for preliminary injunctions.

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether findings of fact are supported by substantial evidence. *Ellis v. Unemployment Compensation Board of Review,* 59 A.3d 1159, 1162 n.2 (Pa. Cmwlth. 2013).

[4] Prestige's arguments have been condensed and reordered for the sake of clarity and ease of discussion.  In its brief, Prestige lists the following three issues under the statement of questions involved:

> (1) Whether the trial court abused its discretion and committed an error of law by dismissing Prestige's entire Complaint and entire action while simultaneously denying Prestige's Motion without any evidentiary hearing or trial.
> (2) Whether the trial court abused its discretion and committed an error of law in denying Prestige's Motion without holding any evidentiary hearing or any hearing at all.
> (3) Whether the trial court violated Prestige's procedural and substantive due process rights under the Pennsylvania and United States Constitutions by dismissing Prestige's Motion and entire action without any evidentiary hearing at all.

(Prestige's Br. at 3.)

4

To begin, appellate review of a preliminary injunction is "highly deferential" and is limited to determining whether the trial court abused its discretion. *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1000 (Pa. 2003). The Supreme Court has stated that this means the appellate court will not inquire into the merits of the controversy, but only examine the record to determine if there were any apparently reasonable grounds for the action of the court below. *Id.* "Only if it is plain that no grounds exist to support the decree or that the rule of law relied upon was palpably erroneous or misapplied will we interfere with the decision of the [trial court]." *Id.*

The purpose of a preliminary injunction is to "preserve the status quo and prevent imminent and irreparable harm" until the merits of the underlying complaint in equity can be decided. *Berger by and through Berger v. West Jefferson Hill School District*, 669 A.2d 1084, 1085 (Pa. Cmwlth. 1995). The trial court must not grant a preliminary injunction unless the petitioning party has satisfied the following elements:

> (1) the injunction is necessary to prevent immediate and irreparable harm that cannot be adequately compensated by damages; (2) greater injury would result from refusing an injunction than from granting it, and, concomitantly, the issuance of an injunction will not substantially harm other interested parties in the proceedings; (3) the injunction will properly restore the parties to their status as it existed immediately prior to the alleged wrongful conduct; (4) the party seeking the injunction is likely to prevail on the merits; (5) the injunction is reasonably suited to abate the offending activity; and (6) the injunction will not adversely affect the public interest.

*Lindeman v. Borough of Meyersdale*, 131 A.3d 145, 151 (Pa. Cmwlth. 2015) (citing *Dragoni v. Borough of Ambler*, 37 A.3d 27, 31 (Pa. Cmwlth. 2012)).

Additionally, Pennsylvania Rule of Civil Procedure 1531 provides, in pertinent part:

> A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

Pa.R.Civ.P. 1531(a). Thus, although Rule 1531(a) permits a trial court to **grant** a preliminary injunction absent a hearing in certain circumstances, it does not similarly permit a court to **deny** a motion for a preliminary injunction without first conducting a hearing. *See Beck Computing Services Inc. v. Anderson*, 524 A.2d 990, 992 (Pa. Super. 1987) (holding the trial court erred in denying preliminary injunction without a hearing when the trial court "lacked a sufficient factual basis for determining whether or not the other prerequisites for injunctive relief were present").[5] A refusal to grant an evidentiary hearing on a preliminary injunction will be reversed when it constitutes an abuse of discretion. *Commonwealth v. Schall*, 297 A.2d 190, 191-92 (Pa. Cmwlth. 1972).

---

[5] Although Superior Court cases are not binding on this Court, such cases may offer persuasive precedent where they address analogous issues. *Commonwealth v. Monsanto Co.*, 269 A.3d 623, 679 n.20 (Pa. Cmwlth. 2021). The Superior Court cases cited herein are relied on for their persuasive value.

6

Although there is no absolute right to a hearing on a preliminary injunction, it is the preferred procedure. *Sedor v. West Mifflin School District*, 713 A.2d 1222 (Pa. Cmwlth. 1998) (citing *Bell Fuel Corp. v. Cattolico*, 544 A.2d 450, 455 (Pa. Super. 1988)); *see also Boyd v. Cooper*, 410 A.2d 860 (Pa. Super. 1979) (holding the trial court erred in denying an injunction without holding an evidentiary hearing to allow proof of irreparable harm and lack of an adequate remedy at law). The *Bell* court stated that **"[i]t is the rare preliminary injunction that can correctly be denied without a hearing . . . ."** *Bell*, 544 A.2d at 455 (emphasis added). In *Bell*, the Superior Court noted that the trial court had assumed and found certain facts as the requesting party had alleged. *Id.* Then, based on those assumed facts, incorrectly decided several critical issues and, therefore, the Superior Court found it was necessary to remand for a hearing. *Id.*

Here, the trial court concluded that the Motion before it presented "purely legal issues" and determined that an evidentiary hearing would not aid in the resolution of the Motion. (Trial Ct. Rule 1925(a) Op. at 6.) Prestige not only has alleged improper notice of the pending Bill, but also alleged that even if the City complied with its own notice requirements, such requirements were still insufficient to satisfy procedural due process rights under the United States and Pennsylvania Constitutions. Prestige was not provided an opportunity to present any evidence or testimony regarding the improper notice of the pending ordinance changes, the irreparable harm, the adverse impact of its property rights, and the lack of an adequate remedy of law. By not holding a hearing to ascertain facts and make a record, the trial court had to resolve issues of fact. Therefore, after reviewing the pleadings and sparse record before the trial court, we conclude that the trial court abused its discretion in denying the Motion without an evidentiary hearing.

**B. Dismissing Prestige's Complaint without Hearing**

Prestige argues secondly that the trial court erred in dismissing the entire Complaint after considering only the Motion. Prestige contends that the trial court's statement that "the relief sought in the Complaint is identical to the relief sought in the Motion" is a mischaracterization, as the Motion requested temporary relief and the Complaint requested permanent relief. (Prestige's Br. at 16.) Prestige further asserts that temporary and permanent relief have different standards of review.

After a preliminary injunction is awarded or denied, the case proceeds for a final hearing on the merits. *Soja v. Factoryville Sportsmen's Club*, 522 A.2d 1129, 1131 (Pa. Super. 1987). The preliminary injunction proceeding is distinct from the final hearing on the merits. *Kee v. Pennsylvania Turnpike Commission*, 743 A.2d 1129, 1131 (Pa. Cmwlth. 1999). A preliminary injunction requires imminent, irreparable harm, while a permanent injunction is founded on the lack of an adequate remedy. *City of Chester v. Chester Redevelopment Authority*, 686 A.2d 30, 35 (Pa. Cmwlth. 2015). Additionally, whether a preliminary injunction is granted or denied has no effect on whether a final, permanent injunction will be ultimately issued. *Id.* Consequently, we have held that it is inappropriate for a court to treat a hearing for a preliminary injunction as a final hearing on a request for a permanent injunction unless the parties stipulate to the contrary. *Berger*, 669 A.2d at 1084. This is because "[i]t is . . . unfair to reach a final decision after a preliminary proceeding. A litigant may not prepare as completely as he would have had he realized that he was not going to receive a second chance to present his case." *City of Chester*, 686 A.2d at 35 (citing *Soja*, 522 A.2d at 1133).

Here, there is no information in the record to indicate that Prestige and the City stipulated to proceed to a final decision on the merits as part of the Motion. In

8

fact, Prestige and the City refer to the proceeding as **only** a request for preliminary relief. Nevertheless, the trial court engaged in a substantive analysis on the merits, regarding the timeliness of the Complaint and the notice requirements of the Bill. By dismissing Prestige's Complaint, the trial court inappropriately rendered a final determination when **only the Motion was before it**. The entire purpose of a preliminary injunction is to preserve the status quo and prevent imminent and irreparable harm **until the merits of the underlying complaint in equity can be decided**. Integrating the Motion with the Complaint **without a hearing** denied Prestige the opportunity to prepare and present its case.

Accordingly, we conclude that the trial court erred by dismissing the Complaint without a hearing or full consideration on the merits.

## IV.   CONCLUSION

For these reasons, we vacate the trial court's order, and remand this matter to the trial court with instructions to reinstate Prestige's Complaint and conduct a hearing on Prestige's Motion in accordance with this opinion.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Prestige Design on Germantown LLC : 
and Prestige Design and Construction : 
LLC, : No. 245 C.D. 2022
     Appellants :
:
    v. :
:
City of Philadelphia :

## *<u>ORDER</u>*

   AND NOW, this 19th day of April, 2023, the March 9, 2022 order of the Court of Common Pleas of Philadelphia County (trial court) is hereby VACATED. This matter is REMANDED to the trial court for proceedings consistent with this opinion.

   Jurisdiction relinquished.

            _____
            PATRICIA A. McCULLOUGH, Judge